**Stephen L. GREGORY et al., Plaintiffs,**

v.

**Lewis B. HERSHEY et al., Defendants.**

**Civ. A. No. 33057.**

United States District Court,
E. D. Michigan, S. D.

Feb. 27, 1970.

James Lafferty, Marc Stickgold, Detroit, Mich., Charles Donahue, Jr., Ann Arbor, Mich., for plaintiffs.

Joseph Zanglin, Harold Hood, Asst. U. S. Atty., Detroit, Mich., for defendants.

## ORDER DETERMINING THE VALIDITY OF CLASS ACTION

### TALBOT SMITH, District Judge.

Upon motion of plaintiffs' attorneys and it appearing to the Court that:

1. The above cause of action was brought as a class action pursuant to Rule 23 of the Rules of Civil Procedure;

2. The prerequisites to a class action as set forth in Rule 23(a) of the Rules of Civil Procedure have been satisfied, in that the class being represented is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately represent the interests of the class;

3. The prosecution of separate actions, by individual members of the class would create a risk of inconsistent or varying adjudications, which Rule 23(b)(1) of the Rules of Civil Procedure seeks to avoid, with respect to individual members of the class, would establish incompatible standards of conduct for the defendants, and such incompatible standards make declaratory relief with respect to the class as a whole appropriate;

4. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final relief in the nature of mandamus and corresponding declaratory relief with respect to the class as a whole, as contemplated by Rule 23(b)(2) of the Rules of Civil Procedure; and that

5. Notification of members of the class is impractical because of the number of members and the absence of any reasonable way of identifying them; therefore

It is hereby ordered, that the above cause of action shall be allowed to be maintained as a class action. The class is hereby determined to consist of all Selective Service registrants who have a child or children with whom they maintain a bona fide family relationship in their homes, who are not physicians, dentists or veterinarians or in an allied specialist category as defined by Selective Service Regulations 1622.30(a) (32 C.F.R. § 1622.30(a)), and who have not received an undergraduate II–S deferment under Section 6(h)(1) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 456(h)(1)), but who have received a graduate II–S deferment under Section 6(h)(2) of said Act.

## JUDGMENT AND ORDER IN THE NATURE OF MANDAMUS

Upon motion of plaintiffs' attorneys for summary judgment pursuant to Rule 55 of the Rules of Civil Procedure and it appearing to the court that:

1) This action is validly brought as a class action, the class being defined as all Selective Service registrants who:

(a) have a child or children with whom they maintain a bona fide family relationship in their homes, and

(b) are not physicians, dentists, or veterinarians or in an allied specialist category, and

(c) have not received an undergraduate II–S deferment under the Military Selective Service Act of 1967 (50 U.S.C. App. §§ 451–73) [hereinafter referred to as "the Act"], but

(d) have received a graduate II–S deferment under said Act, as more fully appears in the ORDER DETERMINING THE VALIDITY OF CLASS ACTION, dated February 27;

2) Plaintiffs are all members of the above-defined class;

3) There are no materials issues of fact; and

4) The Court has jurisdiction and plaintiffs are entitled to a judgment as a matter of law as more fully appears in the OPINION filed herein and made a part hereof as if set out in full which

contains further findings of fact and conclusions of law;

It is therefore adjudged and declared that plaintiffs and all others similarly situated are entitled to fatherhood III–A deferments as a matter of law pursuant to Section 6(h) (2) of the Act and Selective Service Regulations 1622.30(a) (32 C.F.R. § 1622.30(a)), and therefore

It is hereby ordered that:

a) Defendants classify plaintiffs Clements, Gregory, Hovis, Sharpless and Silverman III–A as of the date of this order;

b) Defendants classify all others similarly situated to plaintiffs III–A upon showing that they are members of the class as hereinbefore defined; and

c) Defendant Lewis B. Hershey and defendant State Directors Custer, Hammack, Holmes and Knight in exercising their functions under Section 10 of the Act conform to the declaratory judgment made herein.