Patrick McCARTHY, Plaintiff,

v.

**DIRECTOR OF SELECTIVE SERVICE SYSTEM et al., Defendants.**

No. 70–C–592.

United States District Court, E. D. Wisconsin.

Dec. 31, 1970.

Hayes, Peck, Perry & Gerlach by Curry First, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

---

### DECISION and ORDER

MYRON L. GORDON, District Judge.

Two motions brought by the plaintiff are now before the court. The plaintiff has moved for a preliminary injunction and also for summary judgment. The parties agree that the same basic considerations will govern the court's resolution of both motions.

The plaintiff contends that the selective service system improperly denied him a III–A fatherhood exemption. Mr. McCarthy also urges that his board unlawfully failed to reopen his classification when, on December 11, 1969, he wrote to his local board and requested a deferment for occupational reasons. Finally, the plaintiff claims that he is a member of the class which, in Gregory v. Hershey, 311 F.Supp. 1 (E.D.Mich. 1969), secured a court order assuring him a III–A fatherhood exemption.

The defendants, on the other hand, argue that this court may not grant pre-induction judiciary review of the plaintiff's classification by reason of the provisions of the Military Selective Service Act of 1967, which, in § 10(b)

(3), provides that: "No judicial review shall be made of the classification or processing    *    *    *" until after the registrant has "responded either affirmatively or negatively to an order to report for induction,    *    *    *" Since Mr. McCarthy has not reached that stage as yet, the defendants insist that this court may not review either his classification or his processing.

In claiming that he is entitled to judicial review, the plaintiff relies on Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653. However, it is my conclusion that neither *Oestereich* nor *Breen* is applicable to the case at bar because the registrants in those two cases were entitled by statute to a deferment; in each case, the board's order was a clear departure from the statutory mandate. This is not so in Mr. McCarthy's case. The III–A fatherhood deferment which the plaintiff claims he should have is not, in my opinion, a matter of statutory right, but rather is a discretionary matter resting with the selective service board. Accordingly, it is my conclusion that Mr. McCarthy is not entitled to judicial review.

In Pasquier v. Tarr, 318 F.Supp. 1350 (E.D.La.1970), the court said:

"But the granting of a III–A deferment is made discretionary rather than mandatory by Section 6(h) (2), which says that the President is not compelled, but 'authorized, under such rules and regulations as he may prescribe, to provide for' the granting of III–A deferments. Thus, by saying that the President 'is authorized' to provide for the granting of III–A fatherhood deferments rather than stating that such classifications 'shall' be granted, the statute specifically allows the Selective Service System to limit the granting of III–A fatherhood deferments by appropriate regulations. For this reason, it cannot be said that Selective Service Regulation 1622.-30(a) conflicts with the express terms

of the Selective Act, although this may well be true in the case of the regulation applicable to I–S deferments, Selective Service Regulation 1622.15(b)."

 The plaintiff contends that he is entitled to be considered a member of the class in the case of Gregory v. Hershey, supra, and that this court is bound by such decision. I find that there was inadequate representation and an absence of proper notice; these circumstances require the rejection of the class argument. This matter was also considered in Pasquier v. Tarr, supra, where the court stated:

"Had the court in the *Gregory* case ruled the other way on the merits of that suit, under the rule pronounced by Northern Natural Gas Co. v. Grounds, D.C., 292 F.Supp. 619, *supra*, and Moore's Federal Practice, *supra*, the plaintiff could have challenged the binding effect of the *Gregory* decision on the due process ground of inadequacy of representation. For, as we have heretofore stated, these authorities consider due process satisfied, not where there has been some type of notice, but when the absent members of the class have been adequately represented by the named parties. This rule, so it seems to us, is lacking in fundamental fairness in that it gives absent members of the class two bites at the apple at the expense of the defendant.

"* * * we hold only that the absolute failure to give any kind of notice violates due process, and that we are therefore not bound by the holding in Gregory v. Hershey, *supra*."

Mr. McCarthy's claim that he was entitled to have his classification reopened when he requested an occupational deferment is also barred from court review at this time by reason of the fact that the registrant has not yet responded either affirmatively or negatively to an order to report for induction. The matter of reopening is not based on an unequivocal statutory mandate. Thus,

the plaintiff is not entitled to judicial review of that claim on a pre-induction basis. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

Now, therefore, it is ordered that the plaintiff's motions for a preliminary injunction and for summary judgment be and hereby are denied.