Doris E. ZACHARY, Plaintiff,

v.

The CHASE MANHATTAN BANK,
N. A., Defendant.

No. 70 Civ. 5135.

United States District Court,
S. D. New York.

April 29, 1971.

Sheldon V. Burman, New York City, for plaintiff; Mordecai Rosenfeld, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant by William E. Jackson, New York City.

## MEMORANDUM

BONSAL, District Judge.

This action was brought by plaintiff on her own behalf and on behalf of a purported class consisting of "all persons who now hold or who have held a Uni-Card pursuant to a standard Retail Instalment Credit Agreement ('Agreement') with the Uni-Card division of [the defendant] from the time [the defendant] repurchased Uni-Card (approximately January 17, 1969) to the present." In her complaint, plaintiff claims that defendant has been charging a "finance charge" pursuant to the Agreement with Uni-Card holders, which is in excess of the rate of interest allowed by the State of New York in Personal Property Law, McKinney's Consol.Laws, c. 41, § 413, in violation of The National Bank Act, 12 U.S.C. §§ 85, 86.

Plaintiff seeks a judgment (1) declaring that the finance charge violates § 413(3) of the Personal Property Law and The National Bank Act, 12 U.S.C. § 85; (2) requiring defendant to refund to plaintiff and each member of the class double the amount of the finance charges paid and declaring that all finance charges not yet paid be forfeited, pursuant to The National Bank Act, 12 U.S.C. § 86; (3) enjoining defendant from continuing to charge finance charges that are illegal; and (4) awarding counsel fees and expenses.

Defendant's time to answer the complaint had not expired at the time plaintiff brought on this motion for an order pursuant to Rule 23, F.R.Civ.P., and Civil Rule 11A of this Court, determining that her action may be maintained as a class action.

In order to proceed as a class action, plaintiff must satisfy all the prerequisites of Rule 23(a), F.R.Civ.P., which provides that

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

In addition, plaintiff must satisfy the Court that her action falls within one of the subsections of Rule 23(b), F.R.Civ. P. Plaintiff contends that her action falls within Rule 23(b) (1), which provides that

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; * * *."

According to her complaint, plaintiff is a member of the class which includes tens of thousands of persons; there is a question of law common to the class—whether the finance charge violates The National Bank Act, 12 U.S.C. §§ 85, 86; plaintiff's claims are typical of the claims of the class members; plaintiff can fairly and adequately protect the interests of the class; and an adjudication with respect to plaintiff would, as a practical matter, be dispositive of the interests of the other members of the class not parties to this action.

Defendant opposes the motion on the ground that this action is unmanageable as a class action and plaintiff cannot comply with the notice requirements of Rule 23. In its opposing affidavit, defendant states that on January 17, 1969, when defendant acquired Uni-Card, the number of Uni-Card holders was 739,-601; that as of March 1, 1971, the total number of subscribers' accounts maintained by Uni-Card was 1,061,733; and that the class would include former Uni-Card holders who had subscribers' accounts between January 17, 1969 and the present which have been removed from the list of Uni-Card subscribers because the account remained inactive for one year ("purged") or because the account was cancelled. Defendant asserts that the identities of former holders whose accounts have been "purged" or cancelled cannot be ascertained except by means of "an extremely time-consuming and expensive process which would interfere with the normal business of Uni-Card * * *."

A reading of the complaint and the answering papers satisfies the court that (1) the class is so numerous that joinder of all members is impracticable; (2) there is a question of law common to the class; and (3) the claims of the plaintiff are typical of the claims of the class. However, there is no evidence in the record that plaintiff will fairly and adequately protect the interests of the class, and, as hereinafter provided, plaintiff will be granted an opportunity at a hearing to present evidence in this regard.

■■ In the event plaintiff is able to satisfy Rule 23(a), plaintiff's action is maintainable as a class action under Rule 23(b) (1).* The prosecution of separate actions by individual members of the class could lead to inconsistent results with respect to other members of the class (Rule 23(b) (1) (A)) since the finance charge exacted by defendant is either legal or it is illegal as to all members. For the same reason, an adjudication with respect to plaintiff would be, as a practical matter, dispositive of the interests of the other class members (Rule 23(b) (1) (B)).

■ In determining whether the conduct of a class action would be unmanageable, is appears undisputed that the class would consist of over a million members, plus an undetermined number of former Uni-Card holders whose accounts have been either "purged" or cancelled. On the other hand, the issues involved are few

---

* It would appear that the plaintiff's action is also maintainable as a class action under Rule 23(b) (3) in that the question of law common to the members of the class predominates over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. However, when there is a choice between a (b) (1) and (b) (3) class action, the court should order that the suit be maintained as a class action under (b) (1), rather than under (b) (3). Van Germert v. Boeing Company, 259 F.Supp. 125, 130 (S.D.N.Y. 1966); 3B Moore, Federal Practice, ¶ 23.31[3], pp. 23–526–527 (1969).

and much simpler than those encountered in class actions in this Circuit involving the Securities Act of 1933 and the Securities Exchange Act of 1934 presenting issues of falsity, materiality scienter, reliance and damages. The identities of present Uni-Card holders are readily available from the defendant's records, and, while inconvenient and costly to defendant, the identities of former Uni-Card holders can be ascertained by defendant, which would only have to go back to January 17, 1969, when it acquired Uni-Card. Should plaintiff succeed on the merits, the records as to the amount of finance charges exacted from each, of the class members are for the most part in the hands of defendant, and the amount to which each class member would be entitled could be readily determined. As to the "purged" or cancelled accounts, the amount of finance charges exacted should be obtainable by the defendant when ascertaining the identities of those former holders.

In Eisen v. Carlisle & Jacquelin, Dkt. 50 F.R.D. 471 (S.D.N.Y. April 7, 1971), involving an estimated minimum 6,600,000 shareholders who had odd-lot transactions during the period from May, 1962 through June, 1968 in stocks listed on the New York Stock Exchange, Judge Tyler determined that it was a proper class action under Rule 23. In comparison to *Eisen*, this action presents very modest problems of manageability.

■ The rule in this Circuit is that notice is required as a matter of due process in all class actions. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968); Fowles v. American Export Lines, Inc., 300 F.Supp. 1293, 1295 (S.D.N.Y.1969). *Contra,* Johnson v. City of Baton Rouge, Louisiana, 50 F.R. D. 295, 301 (E.D.La.1970); Northern Natural Gas Company v. Grounds, 292 F.Supp. 619, 636 (D.Kansas 1968); 3B Moore, Federal Practice, ¶ 23.55, pp. 23–1152 (1969).

Notice to class members should not raise a difficult problem. As to active accounts, defendant could include the notice with their monthly statements to the account holders. If it should prove impossible to personally notify former account holders of "purged" or cancelled accounts, notice could be made by publication in newspapers of general circulation in the City of New York or other communities in which it is believed there are a substantial number of such accounts.

■ This action would appear to be appropriate for Rule 23 class treatment. However, before reaching a final conclusion, the court will hold a hearing on May 18, 1971 at 10 A.M. in Courtroom 518 to consider:

(1) Whether the plaintiff can fairly and adequately protect the interests of the class.

(2) The form, content, and administration of the class notice to be used, and the manner of its dissemination.

(3) Who should bear the cost of the notice and its dissemination.

(4) Other matters that may be raised by counsel.

Counsel are directed to submit memoranda with respect to the above on or before May 14, 1971. Counsel are also asked to brief the issue of whether the defendant's alleged finance charge may violate New York Personal Property Law § 413(3) and The National Bank Act, 12 U.S.C. §§ 85, 86.

It is so ordered.