**Paul Robert PASQUIER, Plaintiff-Appellant,**

v.

**Curtis W. TARR et al., Defendants-Appellees.**

**No. 30934.**

United States Court of Appeals, Fifth Circuit.

June 4, 1971.

John W. Reed, New Orleans, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Morton Hollander, Robert E. Kopp, Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

Paul Robert Pasquier, eligible for the draft and previously the beneficiary of a Class II-S student deferment, sought pre-induction judicial review of his local board's denial of a Class III-A fatherhood deferment under applicable Selective Service Regulations.[1] The District Court, 318 F.Supp. 1350, dismissed his claim for injunctive and declaratory relief after holding that the denial was lawful and that the Military Selective Service Act of 1967 precluded judicial review.[2] We affirm.

1. 32 C.F.R. 1622.30(a) provides:

    (a) In Class III–A shall be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home and who is not a physician, dentist or veterinarian, or who is not in an allied specialist category which may be announced by the Director of Selective Service after being advised by the Secretary of Defense that a special requisition under authority of section 1631.4 of these regulations will be issued by the delivery of registrants in such category, except that a registrant who is classified in Class II-S after the date of enactment of the Military Selective Service Act of 1967 shall not be eligible for classification in Class III–A under the provisions of this paragraph.

2. Section 10(b) (3) of the Act, 50 U.S. C.A.App. 460(b) (3) provides in part:

    No judicial review shall be made of the classification or processing of any

One of appellant's principal claims on this appeal asserted that he was entitled to the *res judicata* effects of a judgment in the earlier class action of Gregory v. Hershey, E.D.Mich., 1969, 311 F.Supp. 1. There the District Court found invalid the withholding of the fatherhood deferment to those registrants, otherwise qualified, whose induction had previously been deferred for graduate—as opposed to undergraduate—study. However, that judgment collapsed, both for the parties and the members of the class, following its reversal by the United States Court of Appeals for the Sixth Circuit in Gregory v. Tarr, 6 Cir., 1971, 436 F.2d 513.

We follow *Gregory* and hold that pre-induction relief was properly denied.

Affirmed.

registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title

[section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.