Thomas T. **SCHRADER**, Plaintiff,

v.

**SELECTIVE SERVICE SYSTEM LOCAL BOARD NO. 76 OF WISCONSIN et al., Defendants.**

No. 70-C-345.

United States District Court, W. D. Wisconsin.

July 20, 1971.

See also D.C., 329 F.Supp. 966.

Stuart G. Urban, Lancaster, Wis., for plaintiff.

James R. Mack, Asst. U. S. Atty., for defendants.

OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Defendants have moved for the dissolution of the temporary restraining order entered herein on December 4, 1970.

That order prohibited plaintiff's induction into the Armed Services, and was based entirely on a judgment entered in Gregory v. Hershey, 51 F.R.D. 188 (E.D.Mich., Feb. 27, 1970). For the opinion which underlay this judgment and order, see Gregory v. Hershey, 311 F.Supp. 1 (E.D.Mich.1969). In *Gregory*, the court determined that a class action was proper and rendered judgment for the class. Plaintiff herein is a member of the *Gregory* class, and I determined that the judgment in that case was binding on the parties here, and that plaintiff was entitled to a III-A classification pursuant to that judgment. See opinion and order entered herein on January 12, 1971, 329 F.Supp. 966.

On January 26, 1971, the Court of Appeals for the Sixth Circuit reversed Gregory v. Hershey, sub nom. Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971). On the basis of this reversal, the government has moved that the temporary restraining order entered herein be vacated.

I agree with the government that the *Gregory* judgment, now reversed, has no present binding effect on the parties to this action. But plaintiff now advances a new argument. He points out that during the period in which the Selective Service System considered and denied his request for a III-A deferment, the *Gregory* judgment was in effect and had not been stayed. For a detailed description of the chronology, see opinion and

order entered herein on December 4, 1970. Under the *Gregory* judgment, the National Director of Selective Service was ordered to reclassify to class III–A all members of that class. 51 F.R.D. 188. Plaintiff contends that when the National Director took no action to comply with this order of the District Court, he acted lawlessly. If the National Director had acted in compliance with the court order, plaintiff herein would have been classified III–A. Of course, after *Gregory* was reversed, the Selective Service System would be free to reclassify plaintiff in class I–A, but he would then have the right to request any other deferment to which he felt himself entitled, and to take an administrative appeal from the local board's denial of any new request for deferment. Plaintiff contends that the defendants should be restrained from inducting him into the Armed Services unless they first reopen his classification and afford him the right of administrative appeal which follows such reopening. 32 C.F.R. § 1625.13. He argues that only in this way can he be put back into the position he would have occupied had the National Director not acted in a lawless manner. I agree.

In arriving at my conclusions, I do not rely on the soundness of the position taken by the District Court in *Gregory*. In the course of this litigation, I have not found it necessary to pass on the merits of plaintiff's position, but my research has disclosed no case which arrives at the same conclusions as those of the District Court for the Eastern District of Michigan. I also have grave doubts whether *Gregory* should properly have been maintained as a class action. But I do believe that these issues may only be reviewed, as they were, by the Sixth Circuit Court of Appeals, not by this court, and certainly not by the Director of Selective Service.

I reaffirm the view I expressed earlier in this case:

"I appreciate that Local Board No. 76 of Wisconsin and the Wisconsin State Director of Selective Service were not parties to *Gregory*. However, the National Director of Selective Service was a party to *Gregory* and is a party to the present action. With respect to an issue such as that which is presented in the two cases, that is, a matter of construing the statute and the presidential regulations, as contrasted with a matter of fact finding by a local board in a specific case, I believe that state directors and local boards throughout the country are bound by a judgment in a class action to which the National Director is a party." See opinion and order entered herein on January 12, 1971, at p. 967n.[1]

If the National Director disagreed with the position of the District Court in *Gregory*, his sole remedy lay in the Sixth Circuit Court of Appeals. Until the judgment of the District Court was reversed, the National Director was bound by it and bound by its direct order to reclassify to class III–A anyone who made a showing that he was a member of the *Gregory* class. To totally ignore this order while it was in effect constituted lawlessness. Under these circumstances I believe pre-induction judicial review is available to plaintiff. Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1969). In its brief the government reminds me that "the court is not to sit as a super-draft board." It is equally true, that the National Director of Selective Service is not to sit as the Court of Appeals for the Sixth Circuit.

I find and conclude that at the time plaintiff's request for a III–A deferment was denied by officials of the Selective Service System, he was a member of the *Gregory* class; that the facts he presented to the local board established that he was a member of that class; that his request was denied because the National Director of Selective Service had taken no steps to comply with the order of the District Court for the Eastern District of Michigan. I conclude that the inaction of the National Director was lawless, and that plaintiff is entitled to an order prohibiting his induction into the armed services of the Unit-

ed States unless and until his classification is reopened.

It is hereby ordered that the temporary restraining order entered herein on December 4, 1971, is vacated.

It is hereby ordered that the defendants, their agents, and all persons in active concert and cooperation with them are restrained from initiating, proceeding with, permitting, cooperating with, or in any way ordering the induction of plaintiff into the Armed Services of the United States, pending the final determination of this action, unless Local Board No. 76 first reopens plaintiff's classification and affords him the procedural rights which follow such reopening.