**Thomas E. WHITMORE, Plaintiff,**

v.

**Curtis W. TARR, National Director of Selective Service, et al., Defendants.**

**Civ. No. 1693 L.**

United States District Court,
D. Nebraska.

Oct. 15, 1971.

James P. Monen, Omaha, Neb., for plaintiff.

Thomas D. Thalken, Asst. U. S. Atty., for defendants.

## MEMORANDUM OF DECISION

URBOM, District Judge.

On June 21, 1971, a mandate issued by the United States Court of Appeals for the Eighth Circuit vacated without prejudice the judgment of this court dated October 23, 1970, and remanded the cause for further consideration in light of Gregory v. Tarr, 436 F.2d 513 (C.A. 6th Cir. 1971).

The earlier opinion of this court, reported at 318 F.Supp. 1279 (D.C.1970), sufficiently sets forth the significant facts, statutes, and regulations touching the merits of the issues of the plaintiff's case then before the court. Succinctly, that opinion held:

1. That this court was bound, upon applying the principles of res judicata, by the finding of the United States District Court for the Eastern District of Michigan of a valid class action in Gregory v. Hershey, D.C., 311 F.Supp. 1 (1970), the class being composed of those Selective Service registrants possessing the characteristics listed in this court's opinion in 318 F.Supp. at 1280;

2. That Whitmore was a member of the described class; and

3. That, as a member of the class, Whitmore was entitled to the relief granted by the district court in the *Gregory* case.

However, in so holding I expressed disagreement with the declaration by the district court in the *Gregory* case that it possessed subject matter jurisdiction in view of the command of the Military

Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3), limiting judicial review. Nevertheless, I was disposed to acquiesce in the jurisdictional determination of the *Gregory* opinion, because I could not say that the district court in the *Gregory* case did not have jurisdiction to determine its own jurisdiction.

The reversal of the district court's decision in Gregory v. Hershey, 311 F. Supp. 1 (U.S.D.C. E.D.Mich. 1970), by Gregory v. Tarr, 436 F.2d 513 (C.A. 6th Cir. 1971), would result in my dismissing the plaintiff's complaint in the present case were it not for a new issue raised by the plaintiff since my earlier decision. That issue arises from the fact of the plaintiff's having enlisted in June, 1971, in the Ready Reserve of the United States Army.

A chronology of the events bearing on the issue is as follows: On February 27, 1970, the United States District Court for the Eastern District of Michigan ordered the Director of Selective Service to classify in Class III–A all persons in a defined class. The Director did not so classify Thomas E. Whitmore, although Whitmore clearly fitted within the defined class. Under Whitmore's I–A classification the Nebraska Selective Service Board No. 30 on April 29, 1970, ordered Whitmore to report for induction on May 25, 1970. On January 26, 1971, the order of the district court in *Gregory* was set aside on appeal. On June 25, 1971, Whitmore enlisted in the United States Army Reserve.

If the plaintiff's enlistment is valid, he presumably is entitled to a I–D classification. 50 U.S.C. App. § 456(c) (2) (A); 32 C.F.R. § 1622.13(f) (1). The enlistment is attacked by the defendants on the ground that there was an effective induction order, that of April 29, 1970, existing at the time of the enlistment.

The issue, then, is whether the order of April 29, 1970, by the local board was and is effective to require Whitmore to report pursuant to it and to render him ineligible for enlistment in the Ready Reserve and a I–D classification.

The threshold question is whether this court has jurisdiction to resolve the issue. Albeit the defendants have contended that 50 U.S.C. App. § 460(b) (3) precludes the exercise of jurisdiction, the United States Court of Appeals for the Eighth Circuit in Liese v. Local Board No. 102, 440 F.2d 645 (C.A. 8th Cir. 1971) and Zerillo v. Local Board No. 102, 440 F.2d 136 (C.A. 8th Cir. 1971), has held that where the registrant seeks preinduction review of issues that are "purely legal" and "not unmeritorious," subject matter jurisdiction lies to resolve the issues. The determination of the validity of an order of a local board in the face of an order of a United States district court is purely legal and it cannot be said that the registrant's position is without merit. In my opinion the issuance of the order of induction by the local board in consequence of the Director's failure to classify Whitmore III–A as commanded by the district court in *Gregory* amounted to lawless action within the meaning of Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), whereupon this court has jurisdiction.

In Schrader v. Selective Service System Local Board No. 76 of Wisconsin, 328 F.Supp. 891 (U.S.D.C.W.D.Wis.1971), Judge Doyle was urged to dissolve a temporary restraining order based entirely upon Gregory v. Hershey, supra, in the wake of the Sixth Circuit's reversal of the district court decision. In a well-reasoned opinion Judge Doyle enjoined the defendant board from inducting the plaintiff until the board reopened the I–A classification and considered deferment requests. The apparent recalcitrance of the National Director of Selective Service in light of the *Gregory* decision was commented upon in this passage:

" * * * Under the *Gregory* judgment, the National Director of Selective Service was ordered to reclassify to class III–A all members of that class. 51 F.R.D. 188. Plaintiff contends that when the National Director

took no action to comply with this order of the District Court, he acted lawlessly. If the National Director had acted in compliance with the court order, plaintiff herein would have been classified III-A. Of course, after *Gregory* was reversed, the Selective Service System would be free to reclassify plaintiff in class I-A, but he would then have the right to request any other deferment to which he felt himself entitled, and to take an administrative appeal from the local board's denial of any new request for deferment. Plaintiff contends that the defendants should be restrained from inducting him into the Armed Services unless they first reopen his classification and afford him the right of administrative appeal which follows such reopening. 32 C.F.R. § 1625.13. He argues that only in this way can he be put back into the position he would have occupied had the National Director not acted in a lawless manner. I agree."

■ According to Judge Doyle, the proper procedure for the National Director was not to disobey the *Gregory* decision, but, like any other dissatisfied litigant, to seek appellate review:

"If the National Director disagreed with the position of the District Court in *Gregory*, his sole remedy lay in the Sixth Circuit Court of Appeals. Until the judgment of the District Court was reversed, the National Director was bound by it and bound by its direct order to reclassify to class III-A anyone who made a showing that he was a member of the *Gregory* class. To totally ignore this order while it was in effect constituted lawlessness. Under these circumstances I believe pre-induction judicial review is available to plaintiff. Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1969). In its brief the government reminds me that 'the court is not to sit as a super-draft board.' It is equally true, that the National Director of Selective Service is not to sit as the Court of Appeals for the Sixth Circuit."

I consider the course charted by the *Schrader* case to be correct and that the principles enunciated therein should apply in the present case.

I suggest these further thoughts: A fundamental concept recognized consistently by the Supreme Court of the United States as immutable is that judicial orders shall not be disobeyed, "no matter how well-founded their doubts might be as to its validity." Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, 179, 89 S.Ct. 347, 353, 21 L.Ed.2d 325 (1968); Shuttlesworth v. Birmingham, 394 U.S. 147, 158, 89 S.Ct. 935, 22 L.Ed.2d 162 at footnote 7 (1969); Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); Walker v. Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967); United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The Rule of Law dictates that the orderly processes of the judicial system must be preserved against acts, directed with impunity or otherwise, which lessen the efficacy of the courts. The judicial power contained in Article III, Section 2, of the Constitution of the United States is at issue, and it is my obligation, as it is the obligation of every federal judge, to safeguard that instrument by ensuring against circumvention of the federal judicial authority.

■ That the ignoring or violating of a judicial order is by a member of the executive branch of government does not alter the necessary rule. Unless the federal courts are able to judge the legality of actions taken by the executive branch, the separation of powers is a historical anachronism. See Wright, "Professor Bickel, The Scholarly Tradition, and The Supreme Court," 84 Harv. L.Rev. 769 (1971). The only protection the judicial branch has against impingement upon its authority by the executive branch, other than the traditional contempt power, is to refuse the enforcement in the courts of official actions taken in contravention of judicial power. Consequently, when a member of the executive branch acts contrary to a court order, the acts of the executive are without ef-

fect to the extent that they violate the court order.

Accordingly, I hold that the order by the local board of April 29, 1970, was void when issued and cannot be used to effect the induction of the plaintiff or to render him ineligible for enlistment in the Ready Reserve of the United States Army.

An appropriate judgment will be entered accordingly.