Thomas T. **SCHRADER**, Plaintiff-
Appellee,

v.

**SELECTIVE SERVICE SYSTEM LOCAL
BOARD NO. 76 OF WISCONSIN**
et al., Defendants-Appellants.

No. 71-1767.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1972.

Decided July 28, 1972.

Rehearing Denied Aug. 23, 1972.

Certiorari Denied Dec. 18, 1972.

See 93 S.Ct. 689.

L. Patrick Gray, III, Asst. Atty. Gen.,
Morton Hollander and Robert E. Kopp,
Attys., Dept. of Justice, Washington,
D. C., John O. Olson, U. S. Atty., Madi-
son, Wis., for defendants-appellants.

Stuart G. Urban, Thomas T. Schrader,
Lancaster, Wis., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, DURFEE*, Associate Judge and ESCH-BACH,** District Judge.

DUFFY, Senior Circuit Judge.

This is a suit by Thomas T. Schrader, a Wisconsin Selective Service registrant who sought, in District Court, a pre-induction judicial review of the refusal of his Local Board to grant him a III–A fatherhood deferment.

The Wisconsin District Court (Western District of Wisconsin) relying on a Michigan District Court's purported class-action judgment in Gregory v. Hershey, 311 F.Supp. 1 (E.D. Mich., 1969), issued a restraining order against the induction of the plaintiff in this case.

Following the reversal of the Michigan District Court's judgment by the Sixth Circuit Court of Appeals, the Government moved the Wisconsin District Court for a dissolution of the restraining order. However, the Wisconsin District Court, instead of dissolving the restraining order, entered an order enjoining the induction of the plaintiff unless the Local Board first reopened his classification, 328 F.Supp. 891. It is from this order that the United States Government takes this appeal.

The facts are not in dispute. During the period from 1963 to June 1967, when plaintiff was an undergraduate student, he was granted a II–S student deferment. In September 1967 during his first year in law school, Schrader requested and received a II–S graduate student deferment.[1] Upon the expiration of that deferment, he requested and received a III–A hardship deferment. This deferment was subsequently extended to June 1, 1970. In June 1969, the plaintiff became a father and in October 1969, so informed his Board. When his III–A deferment expired in June 1970, plaintiff requested a renewal thereof, and also requested a III–A deferment based upon his fatherhood status. These requests were denied following plaintiff's personal appearance before the Board. He was subsequently classified I–A.[2]

Plaintiff appealed from the denial of the III–A fatherhood deferment but the State Appeal Board affirmed that classification. On November 23, 1970, plaintiff was informed by the Local Board that an order for him to report for induction was being placed in the mails.

In the Gregory (District Court) case, the plaintiffs, as a class, had each been granted II–S graduate deferments under the Military Selective Service Act of 1967. They contended they were entitled to a III–A fatherhood deferment notwithstanding the language of 32 C.F.R. 1622.30(a) which denied fatherhood deferments to persons who had been "classified in Class II–S under the 1967 Act."

Furthermore, in Gregory, the plaintiffs claimed their suit was a class action. The Michigan District Court agreed with plaintiffs' claims, ruling plaintiffs must be classified as III–A instead of I–A as ordered by their representative Boards, and that the action was properly maintained as a class action.[3] The Government promptly appealed, and the Sixth Circuit reversed. Gregory v. Tarr, 436 F.2d 513 (6 Cir., 1971). The United States Supreme Court denied certiorari. (403 U.S. 922, 91 S.Ct. 2229, 29 L.Ed.2d 701).

---

* Associate Judge James R. Durfee of the United States Court of Claims is sitting by designation.

** District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

1. 50 U.S.C.App. § 451 et seq.

2. The basis of the rejection of the fatherhood claim was 32 C.F.R. 1622.30(a) which, at that time, precluded the award of a fatherhood deferment to any registrant who had been classified in Class II–S after the enactment of the Military Selective Service Act of 1967.

3. The court order determining the validity of the class action and judgment was reported as Gregory v. Hershey, 51 F.R.D. 188 (E.D.Mich. Feb. 27, 1970), 2 SSLR 3604.

The difference between the status of plaintiff Schrader in the instant case and the plaintiffs in *Gregory* is that here, Schrader sought a III–A fatherhood deferment after the District Court had decided *Gregory* but prior to the reversal of that decision by the Court of Appeals.

The Wisconsin District Court ruled that *Gregory*, which judgment was binding on the parties to that suit, was a class action, and that plaintiff herein was a member of the *Gregory* class. Therefore, the District Court reasoned, the National Director of Selective Service was required to classify plaintiff in Class III–A although the plaintiffs in *Gregory* never had been thus reclassified.[4]

██ Evidently the Wisconsin District Court, in this action, was under the impression that the determination by the Michigan District Court in *Gregory* was *res judicata* with respect to the validity of the class action. The *Gregory* District Court ruled that ". . . [N]otification of members of the class is impractical because of the number of members and the absence of any reasonable way of identifying them. . . ." Thus, the *Gregory* court seemingly was under the impression that no notice to class members was required because of the permissive language of Rule 23(d) (2), F.R.Civ.P. However, we are of the opinion that the absolute failure to give any indicia of notice to absent members renders the purported class action in *Gregory* futile. The Michigan District Court in *Gregory* erred in not requiring notice to be given in some manner to absent class members, and the Wisconsin District Court erred applying the principle of *res judicata* to the *Gregory* ruling.

Certain authorities are of the opinion that notice is not required, as a matter of due process, when the class action is maintained under Rule 23(b) (1) or 23(b) (2), F.R.Civ.P. as was the *Gregory* action. However, the one Circuit Court of Appeals which has ruled on the requirement of notice when proceeding under the above-mentioned sections of Rule 23 held ". . . notice is required as a matter of due process in all representative actions, and 23(c) (2) merely requires a particularized form of notice in 23(b) (3) actions." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2 Cir., 1968).

We are of the opinion that the *Eisen, supra,* decision is the correct interpretation of the notice requirement for Rule 23(b) (1) and (b) (2). The more recent District Court opinions agree that pre-judgment notice is required in all representative actions. Pasquier v. Tarr, 318 F.Supp. 1350, 1353 (E.D.La., 1970), aff'd. 444 F.2d 116 (5 Cir., 1971); Zachary v. Chase Manhattan Bank, N.A., 52 F.R.D. 532 (S.D.N.Y. 1971).

In our view, the District Court proceedings in *Gregory* was not a valid class action and was not binding upon anyone except the named plaintiffs to that action. See Pasquier v. Tarr, *supra.* The Wisconsin District Court improperly applied the *Gregory* case to the case at bar under the principle of *res judicata.* We feel plaintiff is without standing to assert, with respect to his claim for a III–A deferment, that the National Director acted in a lawless

---

4. The District Court herein opined that during the interim when the *Gregory* District Court order was effective, the National Director was bound by the *Gregory* order to reclassify to III–A any registrant who made a showing that he was a member of the *Gregory* class. The District Court below reasoned that the failure of the National Director to abide by the *Gregory* order was the same type of administrative lawlessness on the part of the Selective Service System as evidenced in Oestereich v. Selective Service, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402 (1969). Therefore, the District Court was of the opinion that in this case as in *Oestereich, supra,* pre-induction judicial review, usually barred by Sec. 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 460(b) (3), was warranted.

manner in failing to reclassify him and others similarly situated.

We now consider, absent the effect of the *Gregory* class action before the Michigan District Court, whether the plaintiff herein has overcome the bar of Sec. 10(b) (3) which, except for well-distinguished exceptions, precludes pre-induction judicial review.

The Supreme Court recently stated in Fein v. Selective Service System Local Board No. 7, Yonkers, N.Y., 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972) with respect to the meaning and reach of Sec. 10(b) (3) and the recent Court decisions considering pre-induction judicial review, at page 374, 92 S.Ct. at page 1069:

"Thus *Oestereich, Gabriel, Breen* and *Boyd* [v. Clark, D.C., 287 F.Supp. 561] together establish the principles (a) that § 10(b) (3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferment, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that § 10(b) (3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classification for the registrant. In the latter case the registrant's judicial review is confined— and constitutionally so—to situations where he asserts his defense in a criminal prosecution or where, after induction, he seeks a writ of habeas corpus."

The action taken herein by the Local Board in refusing a III–A classification to plaintiff Schrader had a statutory basis in Selective Service Regulation 1622.-30(a). Evident from this regulation is the fact that registrants who have received a II–S graduate deferment are foreclosed from a III–A classification. Therefore, it cannot be maintained on

appeal by the plaintiff that his local board clearly departed from its statutory mandate. *Oestereich, supra*; Breen v. Selective Service Local Board No. 16, Bridgeport, Conn., 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). Rather, the reclassification of plaintiff Schrader to I–A was well within the statutory authority of the Selective Service System, and involved an exercise of their discretion which cannot be interfered with by court action before induction. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Fein v. Selective Service Local Board No. 76, Yonkers, N. Y., *supra*; Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5 Cir., 1970); McCarthy v. Director of Selective Service System, 460 F.2d 1089 (7 Cir., 1972)

The Wisconsin District Court failed to establish any deprivation of a classification to which plaintiff Schrader would be statutorily entitled. We hold, therefore, the plaintiff's instant suit for pre-induction judicial relief was and is barred by Sec. 10(b) (3).

As our Court recently stated in a per curiam opinion, McCarthy v. Director of Selective Service System, *supra*, with respect to Sec. 10(b) (3):

"In conclusion, it deserves emphasis that the purity of the legal question submitted to a court is not the detriment of whether the bar of Section 10(b) (3) may be circumvented. *Fein* makes this much abundantly clear. Now Section 10(b) (3) is understood to mean what it says except in such highly unusual and strictly limited circumstances as were present in *Oestereich* and *Breen*."

Such circumstances are not present in this case.

The order of the Wisconsin District Court dated July 20, 1971, is reversed and the District Court is instructed to vacate its prior orders enjoining the induction of the plaintiff herein. Plaintiff Schrader was improperly included in the *Gregory* class, and pre-induction judicial review was improperly granted in

this action by the Wisconsin District Court.

Reversed and remanded for further action pursuant to this opinion.[5]

Reversed and remanded.

ESCHBACH, District Judge (dissenting).

The defendants here, through the actions of their National Director, violated a specific federal court order, directed at them, of which they were aware and which they unsuccessfully sought to stay at the district court level. I know of no government agency or any other litigant who is permitted to deliberately disregard with impunity a nonfrivolous federal court order. I therefore agree with the court below that the Selective Service System's utter disregard of the mandate issued in Gregory v. Hershey, 311 F.Supp. 1 (E.D.Mich.1970) was "lawless," and I must respectfully dissent.

In Gregory v. Hershey, *supra*, Judge Smith determined there was a valid class action pursuant to both subparagraphs (1) and (2) of Fed.R.Civ.P. 23(b). The Government did not appeal the class action determination by Judge Smith, but they did obtain a reversal on the district court's interpretation of Selective Service Regulation 1622.30(a). *See* Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971), cert. denied, 403 U.S. 922, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971). The plaintiff in this action, however, as a member of the defined class in Gregory v. Hershey, *supra*, was entitled to enforce the district court's unstayed order during the period before the Sixth Circuit Court of Appeals' decision.

The majority in this action have now determined that because of the lack of notice to absent class members in Gregory v. Hershey, *supra*, there never existed a valid class to which plaintiff Schrader could belong. Even accepting the wisdom of requiring notice in all representative actions under Fed.R.Civ.P. 23(b) (1) and (2), I do not find that determination dispositive in this case. At the time plaintiff Schrader requested reclassification from the Wisconsin Local Board, he was unquestionably a member of that class defined in *Gregory, supra.* Furthermore, at that time there was a final, unstayed decision of a federal district court mandating the National Director of the Selective Service System to classify all members of that class III–A. Not only did the National Director flagrantly disregard this mandate, but the Local Boards also proceeded to induct into the armed services those members of that class, including plaintiff, who were to be reclassified under that court order.

Even assuming the factual situation most favorable to these defendants, viz., that the defendants justified their refusal to reclassify plaintiff on two federal district court decisions which held *Gregory, supra,* not binding on absent class members[1], such reliance is not legal excuse for defendants' disregard of the federal court order. It is an immutable principle that if a competent court has issued an order not "transparently invalid or [having] only a frivolous pretense to validity," then the parties should obey the order and not substitute disobedience for appeal. . . . Walker v. City of Birmingham, 388 U.S. 307, 315, 87 S. Ct. 1824, 1829, 18 L.Ed.2d 1210 (1967). *See also* Carroll v. President & Commissioners of Princess Anne, 393 U.S. 175, 179, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968); United States v. United Mine Workers, 330 U.S. 258, 294, 67 S.Ct. 677, 91 L.Ed. 884 (1947); United States v. Shipp, 203 U.S. 563, 573, 27 S.Ct. 165, 51 L.Ed. 319 (1906). There has been no suggestion that Judge Smith's determination of a proper class action was friv-

---

5. The reversal of the District Court order is on jurisdictional grounds and is not intended to preclude or have a res judicata effect on whatever post-induction defenses plaintiff may have.

1. Pasquier v. Tarr, 318 F.Supp. 1350 (E.D.La.1970), aff'd, 444 F.2d 116 (5th Cir. 1971); McCarthy v. Director of Selective Service, 322 F.Supp. 1032 (E.D. Wis.1970), aff'd on other grounds, 460 F.2d 1089 (7th Cir., 1972).

olous. Furthermore, the court below and the court in Whitmore v. Tarr, 331 F.Supp. 1369 (D.Neb.1970), correctly concluded that courts of collateral jurisdiction are bound by the pronouncements of the initial forum's determination regarding the class and are not free to attack the class nature of the suit once it has been judicially determined. Therefore, those cases finding *Gregory, supra*, inapplicable to absent class members should have accepted Judge Smith's factual determination and refrained from relitigating that issue. In fact, had the National Director properly carried out the unstayed mandate of *Gregory, supra*, those cases, including this one, which reopened the class action determination by Judge Smith, would have never existed—at least until *Gregory* was reversed on appeal. If the National Director disagreed with the decision of the district court in *Gregory*, his sole remedy lay with the Sixth Circuit Court of Appeals.[2]

The Sixth Circuit Court of Appeals in reversing *Gregory, supra*, noted that class actions enjoining the induction of others similarly situated throughout the nation can have "a far reaching and disruptive effect on the operation of the Selective Service System." *Gregory v. Tarr*, 436 F.2d 513, 514 n. 2 (6th Cir. 1971). I would agree. However, the answer to the broad and sometimes gargantuan effects of this type class suit is not to ignore the order because it is found too pervasive. The remedy lies in limiting the power of a federal district court by amending the all-encompassing provisions of Fed.R.Civ.P. 23.

The issue in question here concerns more than the induction of plaintiff Schrader. The deliberate and flagrant disregard of a federal court order by an executive arm of the Government challenges the very separation of powers upon which our system of government is based.

I would affirm.

2. The National Director unsuccessfully sought a stay of the district court's mandate in *Gregory, supra*, at the district level but did not seek a stay from the Sixth Circuit pursuant to Fed.R.App.P. 8.