Thomas Ed **BRANHAM**

v.

**GENERAL ELECTRIC COMPANY.**

**Civ. No. 7122.**

United States District Court,
M. D. Tennessee,
Nashville Division.

July 12, 1974.

Avon N. Williams, Jr., Nashville, Tenn., for plaintiff.

William N. Ozier, Nashville, Tenn., Herbert T. Dike, General Electric Co., Schenectady, N. Y., for defendant.

MEMORANDUM

MORTON, District Judge.

This is a class action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and under 42 U.S.C. § 1981. Plaintiff alleges racial discrimination by the defendant General Electric Company in refusing him employment, as well as a general pattern of racial discrimination in defendant's employment practices.

By previous orders, the court has ruled that the suit may be maintained as a class action under Rule 23(b)(2), Fed.R.Civ.P., and that:

> "Plaintiff is a proper representative of all black persons who have been denied, and are presently being denied, or will be denied employment by Defendant at Defendant's plant at Hendersonville, Tennessee because of their race."

Order April 2, 1974
Vol. 62, page 9

The case is now before the court for consideration of the following matters: (1) Whether the action should be maintained under Rule 23(b)(3) rather than (b)(2); (2) Whether the class should be defined so as to exclude future black job applicants of defendant; and (3) The type of notice required to be given class members.

Defendant questions the appropriateness of a (b)(2) class in this action, and asserts that a class, if proper at all, should be defined under subsection (b)(3). The principal reasons offered in support of this are: (1) Defendant admits that racial discrimination in employment is proscribed by Title VII so there is therefore no legal issue in dispute from which the court need declare the rights of the parties; and (2) The complaint seeks damages as well as injunctive relief and thus is not properly maintainable as a (b)(2) action.

■ Rule 23(b)(2) provides that a class action is proper whenever:

> "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Plaintiff has alleged that defendant refused to hire him because of his race. Since racial discrimination is by its nature class discrimination, if plaintiff's allegations are true, then defendant has acted or refused to act on grounds generally applicable to the class as a whole. See Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968); Hall v. Werthan Bag Corporation, 251 F.Supp. 184, 186 (M.D.Tenn.1966); see also Advisory Committee Notes to the 1966 Amendment of Rule 23, 39 F.R.D. 98, 102. Rule 23(b)(2) is therefore applicable and the class entitled to relief if race discrimination is proven includes not only those blacks who have been affected in the past but also those who may seek employment with defendant in the future. *Cf.* Bailey v. Patterson, 323 F.2d 201 (5th Cir. 1963).

■ Further, while it is true that (b)(2) actions are primarily suits for injunctive and/or declaratory relief, monetary relief incidental to the principal claim may also be awarded in (b)(2) actions. Robinson v. Lorillard Corporation, 444 F.2d 791 (4th Cir. 1971); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); see Bowe v. Colgate-Palmolive Company, 416 F.2d 711 (7th Cir. 1969).

■ The court also finds that this case justifies class-action treatment under Rule 23(b)(3). This is so because plaintiff's allegations of race discrimination present questions of fact or law common to members of the class which predominate over questions affecting only individual members, and that a class action is the superior method for fairly and efficiently adjudicating the controversy. While, as defendant has argued, the fact or manner of the alleged discrimination may present individual questions of fact with respect to the hiring of a particular member of the class, "whether the Damoclean threat of a racially discriminatory policy hangs over the racial class is a question of fact common to all the members of the class." Hall v. Werthan Bab Corporation, *supra*, 251 F.Supp. at 186. If the existence of discrimination by defendant is ultimately proved by plaintiff, then there may well develop questions of fact and law as to the effects of past discrimination which are not common to the entire class. Should that situation arise, the court can at that time modify the class structure under Rule 23(d), and, if necessary, order that damage questions be handled on an individual plaintiff basis.

In situations where both (b)(2) and (b)(3) are appropriate, it has been said that the (b)(2) action is preferable because of its broader *res judicata* effect, and that this is particularly so in civil rights suits. See Bing v. Roadway Express, Inc., 485 F.2d 441 (5th Cir. 1973); Johnson v. City of Baton Rouge, Louisiana, 50 F.R.D. 295 (E.D.La.1970). To some courts the desirability of the (b)(2) action has appeared to stem, at least in part, from the opinion that notice is not required in (b)(2) class suits, e. g., Johnson v. City of Baton Rouge, Louisiana, *supra*. However, there is a growing body of authority, including recent decisions of the Sixth Circuit Court of Appeals, that notice, as a matter of due process, is required in all representative actions if the resulting judgment is to be binding on absent class members. Schrader v. Selective Service Sys. Loc. Bd. No. 76 of Wis., 470 F.2d 73 (7th Cir. 1972); Zeilstra v. Tarr, 466 F.2d 111 (6th Cir. 1972); Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2nd Cir. 1968); Pasquier v. Tarr, 318 F.Supp. 1350 (E.D.La.1970), aff'd 444 F.2d 116

(5th Cir. 1971); *Cf.* Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971) n.2, p. 514.

The question now before the court is the type of notice which will satisfy the requirements of due process of law. The central dispute between the parties herein is whether class members must receive individual notice. Defendant argues they must, and that since the class as defined includes persons who have not yet sought employment with defendant and whose identities are therefore unknown, they cannot be given individual notice and therefore cannot be bound by the judgment in this case. To the court, this demands far too much of the notice requirement in the context of class action litigation.

It is a well settled rule that due process requirements apply to class actions. See Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). And, while it has been widely recognized that class actions represent an exception to the general rule that only parties are bound by a judgment, nevertheless " . . . the procedure adopted must conform to the requirements of due process and fairly insure the protection of absent parties who are to be bound." Eisen v. Carlisle & Jacquelin, *supra*, 391 F.2d at 568. As previously mentioned, the Sixth Circuit is among the Circuits now holding that "notice is required as a matter of due process in all representative actions, and 23(c)(2) merely requires a particularized form of notice in 23(b)(3) actions." Eisen v. Carlisle & Jacquelin, *supra*, at 564–565.

In deciding what notice is called for in the instant case, it is familiar law that:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950). The above language does not mandate individual notice in all cases, however, and the Court in *Mullane* said further that:

"This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317, 70 S.Ct. at 658.

In applying the notice requirements to the circumstances of this case, the court finds it desirable to subdivide the class as provided for in Rule 23(c)(4). The first subclass, considered a class under subsection (b)(3), shall include all members of the plaintiff class who have been refused, or are currently being refused, employment with defendant. The second subclass, considered a class under subsection (b)(2), shall include all black persons who shall at some time in the future be denied employment with defendant because of their race.

■ To the first or (b)(3) class, notice in accordance with Rule 23(c)(2) shall be given, including individual notice to those persons who can be identified and located through reasonable effort. This class consists of a finite number of individuals, many of whom may be readily identifiable from defendant's employment records, and in addition, from reference to notices of discrimination filed with the EEOC by others than the named plaintiff who may have instituted proceedings under Title VII with the EEOC. If it appears that there exist members of the (b)(3) class who cannot be identified and sent indi-

vidual notice, notice to these persons shall be by publication in accordance with the procedures hereinafter set forth for members of the (b)(2) class. As prescribed by the applicable Tennessee Statute of Limitations, T.C.A. § 28-304, damage claims by members of this subclass will be limited to claims arising within one year prior to the date this suit was instituted.

■ Members of the (b)(2) class are those blacks who have yet to seek and be denied employment because of their race at defendant's Hendersonville, Tennessee plant. To this potentially large and unidentifiable group notice by publication is the only available alternative to satisfy the requirement that notice be given class members in all class actions. Zeilstra v. Tarr, *supra*. The court finds that notice by publication in this instance is consistent with procedural due process, Mullane v. Central Hanover Bank & Trust Company, *supra*, and shall order that notice by published in a newspaper of general circulation in the Hendersonville, Tennessee area. The published notice shall be applicable to the entire (b)(2) subclass, and shall apply as well to the members of the (b)(3) subclass who have not been identified and provided individual notice. The publication shall therefore include the provisions of Rule 23(c)(2) including, *inter alia*, notice that (b)(3) class members may request exclusion from the represented class and that those failing to do so will be bound by the court's judgment, whether favorable or not.

■ The defendant has raised the question whether future black applicants can be bound by the judgment which will be entered in this case. Rule 23(c)(3) makes all class action judgments, whether favorable to the class or not, applicable to all persons the court has found to be members of the (b)(2) class. Thus, although the court cannot undertake to predetermine the res judicata effect of its judgment, the judgment in this case should be binding upon future black applicants of defendant absent from this proceeding if their interests are adequately represented, Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); Hansberry v. Lee, *supra*, and if notice by publication meets the standard of due process required in these circumstances.* At present the court has no reason to believe that the named plaintiff is not a fair and adequate representative of the entire class and, as previously stated, the court finds publication to be sufficient, if not the only, means of providing notice to absent class members.

By way of further explanation, the judgment in this case will decide whether defendant has been guilty of race discrimination in hiring practices. If plaintiffs are successful in proving the alleged discrimination, then future black applicants of defendant will benefit from an injunction enjoining defendant from race discrimination. As a practical matter, these similarly situated persons would obtain the benefit of such injunctive relief even if they were not included as class members in the instant suit. *Cf.* Bailey v. Patterson, *supra*, 323 F.2d at 206–207; Potts v. Flax, 313 F.2d 284, 289–290 (5th Cir. 1963); Bridgeport Guardians Inc. v. Members of Bridgeport C.S. Com'n, 354 F.Supp. 778, 783 (D.Conn.1973); Mungin v. Florida East Coast Railway Company, 318 F.Supp. 720 (M.D.Fla.1970).

By the same token, if plaintiffs fail to establish that defendant has engaged in racially discriminatory hiring, a judgment to that effect should be conclusive on that issue in a future employment discrimination case brought against this

---

* Whether class members absent from this proceeding are bound by the judgment in this case on grounds of *res judicata* will, of course, pose an issue to be resolved in a subsequent suit.

defendant by one who is an absent member of the class in this action. The plaintiff in such a future case would, of course, be entitled to prove that he personally had been the subject of discrimination. He should not, however, be permitted to introduce evidence of racial discrimination by defendant predating the judgment in this case in an effort to establish a prior pattern of conduct. While it would doubtless be helpful in a future case for the plaintiff to be able to show a prior pattern of job discrimination by the defendant herein, future black applicants should be held to have had their day in court on that issue in the instant litigation.

In summary, the court holds as follows:

1. The class continues in effect as heretofore defined, but divided into two subclasses, the first composed of past and present black applicants of defendant who have been refused employment because of their race, and the second composed of all future black applicants of defendant who will be denied employment because of their race.

2. Members of the subclass who have previously been rejected for employment by defendant and who, in addition to injunctive relief, would be entitled to damages if the alleged discrimination is proved, shall be limited in claiming damages to a period of one year prior to the filing of this suit.

3. Notice shall be given all members of the class, by individual notice to each member whose identity and location are known and by publication to those who cannot be identified or located. ·

To facilitate the notification of class members, the court further holds that defendant shall furnish counsel for plaintiffs and names and addresses of all black applicants who have been refused employment, to the extent this information is an available part of defendant's records. Plaintiff shall prepare and file with the court a proposed

notice to be sent to the individual members of the class who can be identified, and shall also prepare and file with the court a proposed notice for publication to class members who are unidentifiable or whose location is unknown. After being approved by the court, plaintiff shall mail and publish the respective notices at his own expense.

An order in accordance with this Memorandum shall be entered.