**Patrick McCARTHY, Plaintiff-Appellant,**

v.

**DIRECTOR OF SELECTIVE SERVICE SYSTEM et al., Defendants-Appellees.**

No. 71–1144.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1971.

Decided May 26, 1972.

Curry First, Milwaukee, Wis., for plaintiff-appellant.

David J. Cannon, U. S. Atty., Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS and PELL, Circuit Judges, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

This appeal is from the district court's refusal to grant plaintiff, a Selective Service registrant, pre-induction declaratory and injunctive relief. We affirm.

Upon plaintiff's graduation from college, he was classified I–A on June 1, 1967. About six weeks thereafter, he requested a graduate student deferment and was accordingly reclassified II–S on July 25, 1967. About two months thereafter, the University of Virginia advised plaintiff's local board that he would receive his M.A. degree in June 1968. Therefore, he was reclassified as I–A on June 4, 1968. In August 1968, he was given a II–A occupational deferment until June 1, 1969, because he was teaching English at Murray State University in Kentucky.

In May 1969, plaintiff notified his local board that his wife was pregnant and that he would begin work on his doctorate at the University of Wisconsin-Milwaukee in September 1969. Nevertheless, he was reclassified I–A on June 3, 1969. After a personal appearance before his local board on July 22, 1969, he was advised that he did not qualify for any deferment and that his I–A classification would not be reopened. In August 1969, the local board reviewed plaintiff's deferment claims and determined that he was not entitled to a reclassification. By a unanimous vote, the appeal board denied him relief in November 1969. The local board declined to reopen his classification on December 16, 1969, and again on April 7, 1970. He was ordered to report for induction on October 23, 1970. Four days prior thereto, he filed this action. The district court held that plaintiff was not entitled to pre-induction judicial review in view of Section 10(b) (3) of the Military Service Act of 1967 (50 U.S.C. App. § 460(b) (3)).[2] The court reasoned as follows:

"The matter of reopening is not based on an unequivocal statutory mandate. Thus, the plaintiff is not entitled to judicial review of that claim on a preinduction basis. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968)." McCarthy v. Director of Selective Service System, 322 F.Supp. 1032, 1034 (E.D.Wis.1970).

After oral argument we entered an order postponing an opinion until the Supreme Court decided Fein v. Selective Service System Local Bd. No. 7, 405 U. S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298. In our view, the *Fein* case requires affirmance here.

Plaintiff first argues that in July 1967, he requested and received a graduate student deferment without knowing that he thereby would not be eligible for a fatherhood deferment. Without an explanation by his local draft board of the consequences of accepting a graduate student deferment and in view of his claimed actual igno-

---

1. Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

2. The pertinent part of Section 10(b) (3) provides:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

rance thereof, he contends denial of a III–A fatherhood deferment was unjustified. In effect he complains the denial violated due process because he had no opportunity knowingly and intelligently to waive a future fatherhood deferment. Additionally, he argues that because undergraduates are apprised through SSS Form 104 that acceptance of a II–S deferment will forfeit their eligibility for a fatherhood deferment, failure to proffer the equivalent of SSS Form 104 to graduate students violates the equal protection guarantee implicit in Fifth Amendment due process.

McCarthy's fatherhood deferment was denied pursuant to Section 1622.30(a) of the then applicable Selective Service System regulations providing:

"\* \* \* that a registrant who is classified II–S after the date of the enactment of the Military Selective Service Act of 1967 shall not be eligible for classification in Class III–A under the provisions of this paragraph." 32 C.F.R § 1622.30(a).

The nub of his contention here is that this regulation was improperly applied to the facts of his particular case. However, the regulation itself, as the Sixth Circuit has recently found in Gregory v. Tarr, 436 F.2d 513, 514, 516 (6th Cir. 1971), is valid as a measure to preclude the pyramiding of deferments into complete exemption from military service. On its face it certainly does deny McCarthy the III–A fatherhood deferment he sought. Unlike the situations in Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, his

"claimed status is not one that was factually conceded and \* \* \* assured by the statute [as implemented here by valid regulation] upon objective criteria." Fein v. Selective Service System Local Bd. No. 7, *supra*, 405 U.S. at 376, 92 S.Ct. at 1070. Rather, more like Fein,[3] plaintiff points to an alleged constitutional infirmity in the administrative classification process by which he was placed squarely in the teeth of 32 C.F.R. § 1622.30(a). See *id.* at 375, 376. With such a challenge, McCarthy cannot overcome the bar of Section 10(b) (3), for the *Fein* opinion forecloses pre-induction judicial review where a plaintiff "challenges the constitutionality of the very administrative procedures" to which he was subjected. *Id.* at 375.

■ Plaintiff also claims that the local board improperly relied on Local Board Memorandum No. 96 when it rejected his claim for an occupational deferment while he was serving as a graduate teaching assistant at the University of Wisconsin-Milwaukee. L.B.M. 96 provides:

"A full-time graduate student shall not be considered for occupational deferment because he is engaged in teaching part time."

Although Section 6(h) (2) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 456(h) (2)) authorizes the President "under such rules and regulations as he may prescribe, to provide for the deferment \* \* \* of any or all categories of persons whose employment in \* \* \* other occupations \* \* \* is found to be necessary \* \* \*," McCarthy claims L.B.M. No. 96 is "an unauthorized usurpation of the Presi-

---

3. Fein alleged that the statute and regulations governing his classification and appeal violated the Fifth Amendment's Due Process Clause because they did not provide for a statement of reasons to the registrant for the State Director's decision to appeal or for the appeal board's subsequent denial of a I–O classification. He also alleged his local draft board, the appeal board, the State Selective Service Director and the National Appeal Board acted unconstitutionally by failing to supply him with a statement of reasons for their decisions, by failing to allow him to submit additional material for consideration by the appeal boards, and by refusing him an opportunity to rebut the State Director's decision to appeal.

dent's power by the Selective Service National Director." The principal vice he finds in the Memorandum is that it converts a question of fact into a conclusive presumption, thereby changing and destroying, rather than regulating, rights conferred in Sections 10(b) (3) and 6(h) (2) of the Act and 32 C.F.R. §§ 1622.1(c), 1622.23(a), 1623.1(b) and 1604.56.

However, McCarthy's entitlement to an occupational deferment is certainly not "otherwise and concededly * * * [assured] by the statute." [4] Fein v. Selective Service System Local Bd. No. 7, *supra,* 405 U.S. at 375, 92 S.Ct. at 1069. Moreover, assuming L.B.M. 96 goes too far in compressing a decision on the occupational deferment claim of all full-time graduate students teaching part time,[5] the local board's reliance on it is not tantamount to the clearly unauthorized actions of the local boards in *Oestereich* and *Breen,* which relied on extraneous factors not in any way germane to respective statutory qualifications for exemption or deferment.

■ As stated in *Fein, supra,* 405 U.S. at 374, 92 S.Ct. at 1069:

"Thus *Oestereich, Gabriel,*[6] *Breen,* and *Boyd* [7] together establish the

principles (a) that § 10(b) (3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferment, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that § 10(b) (3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classifcation for the registrant."

In our judgment McCarthy's claim falls within category (b) as that non-pre-induction review category was interpreted in *Fein.*

■ In conclusion, it deserves emphasis that the purity of the legal question submitted to a court is not the determinant of whether the bar of Section 10(b) (3) may be circumvented. *Fein* makes this much abundantly clear. Now Section 10(b) (3) is understood to mean what it says except in such highly unusual and strictly limited circumstances as were present in *Oestereich* and *Breen.*

Therefore, the order below is affirmed.[8]

4. Consequently, McCarthy's further contention that the board improperly refused to reopen upon his submission of a prima facie claim for an occupational deferment is not cognizable on a pre-induction review.

5. Arguably L.B.M. 96 is valid as an implementation of 32 C.F.R. § 1622.26(b), which limits the additional deferment for graduate students to a maximum of one year.

6. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418.

7. Boyd v. Clark, 287 F.Supp. 561 (S.D. N.Y.1968), affirmed, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511.

8. Our affirmance is solely on jurisdictional grounds and is not intended to bar whatever post-induction defenses plaintiff may have. The February 16, 1971, stay of induction granted by the district court pending appeal is hereby dissolved.