Russell M. MORGAN, Appellant,

v.

Bert MELCHAR et al.

No. 18697.

United States Court of Appeals,
Third Circuit.

Sept. 12, 1972.

Joseph Barry, Stavis, Richardson, Koenigsberg & Rossmoore, Newark, N. J., for appellant.

Morton Hollander, Reed Johnston, Jr., Appellate Section, Civil Div., U. S. Dept. of Justice, Washington, D. C., for appellees.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This case is presently before this court by virtue of an order of the Supreme Court, vacating our earlier opinion, Morgan v. Melchar, 442 F.2d 1082 (3d Cir. 1971), and remanding "for further consideration in light of Fein v. Selective Service System Local Board No. 7, Yonkers, N. Y., et al., 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972)," Morgan v. Melchar, 405 U.S. 1014, 92 S.Ct. 1280, 31 L.Ed.2d 477 (1972). Upon careful consideration of the Court's decision in *Fein* and the circumstances of the instant case, we again affirm the district court's order dismissing the complaint for lack of subject matter jurisdiction.

In *Fein*, the Court summarized the law relevant to the jurisdiction of the federal courts under § 10(b)(3) of the

Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b)(3), as follows:

> "Thus *Oestereich*, [Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402] *Gabriel*, [Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418] *Breen*, [Breen v. Selective Service Local Board, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653] and *Boyd* [Boyd v. Clark, 287 F.Supp. 561 (S. D.N.Y.1968)] together establish the principles (a) that § 10(b)(3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferment, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that § 10(b)(3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classification for the registrant."

Further, at a later point in the opinion, the Court in *Fein* declared:

> "We again conclude that the line drawn by the Court between *Oestereich* and *Breen*, on the one hand, and *Gabriel* and, inferentially, *Boyd*, on the other, is the appropriate place at which, in the face of the bar of § 10(b)(3), to distinguish between availability and unavailability of pre-induction review. We therefore adhere to the principles established by those cases."

We have concluded that this language in *Fein*, as well as the Court's actual decision, lends support to our original decision that the district court lacked jurisdiction under § 10(b)(3) for the following reasons:

1. There is no allegation in the complaint that the actions of Morgan's local board in classifying him I–A and in failing to reopen and grant him a III–A hardship deferment were "based on reasons unrelated to the merits of the claim to exemption or deferment,"[1] as the Court's decision in *Fein* suggests is necessary in order to fall within the exceptions to § 10(b)(3) involved in Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) (delinquency reclassification for Oestereich's return of his draft registration certificate to the Government as an expression of dissent from the United States' participation in the war in Vietnam), and Breen v. Selective Service, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) (delinquency reclassification for Breen's surrender of his draft registration card at a public gathering to protest United States involvement in the Vietnam war).[2] See *Fein, supra,* 405 U.S. at 374–375, 92 S.Ct. 1062. Morgan argues essentially that the actions of the Selective Service System in reclassifying him from III–A (hardship deferment) to I–A and in refusing to reclassify him back to III–A were arbitrary and without basis in fact and involved violations of his constitutional rights to due process of law. Even if these claims may be sustained on their merits, however, the result in *Fein* makes it clear that the actions of the Selective Service System were not "based on reasons unrelated to the merits of the claim to exemption or deferment," as this factor is interpreted by the Supreme Court. Thus, in *Fein*, the registrant specifically argued that the actions of the Selective Service System in reclassifying him I–A after he had received a conscientious

---

1. But see note 6, *infra.*

2. Compare Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968), in which the Court held that there was no jurisdiction to pre-induction judicial review of the local board's denial of a consci-

entious objector classification where this denial was alleged to have no basis in fact and to be based upon a misapplication of the statutory definition, as well as the local board's hostility and bias against such claims.

objector classification from his local board were based upon unconstitutional administrative procedures (a claim which the Court appears to concede has substantial merit—see 405 U.S. at 377–381, 92 S.Ct. 1062). The Court held, however, that notwithstanding the merits of these procedural due process arguments, the federal courts had no jurisdiction to review such claims prior to induction, apparently on the basis of the character of Fein's underlying claim for a deferment. See *Fein, supra* at 375–377, 92 S.Ct. 1062. Thus the decision in *Fein* supports our earlier holding that the district court in the instant case was without jurisdiction to review Morgan's claims prior to induction. Strople v. Local Board No. 60, 466 F.2d 601 (3d Cir. 1972).

2. It is not alleged and does not appear that, but for the actions of the Selective Service System which Morgan complains of, he would have been "concededly" entitled to the III–A deferment which he claims, as was the case in *Oestereich, supra,* 393 U.S. at 235 n. 3, 89 S.Ct. 414, and *Breen, supra,* 396 U.S. at 463–464, 90 S.Ct. 661. See *Fein, supra,* 405 U.S. at 374–375, 92 S.Ct. 1062; Crowley v. Pierce, 461 F.2d 614 (5th Cir. 1972). But see *Crowley, id.* (concurring opinion of Judge Brown).

3. Morgan has been given by Congress no statutory right to a III–A hardship deferment comparable to the statutory right to a ministerial exemption involved in *Oestereich,*[3] or the statutory right to a student deferment at issue in *Breen.*[4] Instead, Morgan's underlying claim to a deferment is based upon the interpretation and implementation of regulations promulgated by the President pursuant to the discretionary authorization by Congress to provide for dependency and hardship deferments contained in 50 U.S.C. App. § 456(h) (2).[5] This distinction is significant because in both *Oestereich* and *Breen* the Court justified pre-induction judicial review of the draft board's actions in spite of the language of § 10(b)(3) largely on the ground that such exceptions to the jurisdictional bar contained in § 10(b)(3) were necessary to protect the statutory rights which Congress had clearly and unequivocally conferred upon ministers and students. Since the Court was required to interpret a jurisdiction statute (§ 10(b)(3)) which appeared inconsistent with rights which Congress had clearly conferred upon certain registrants, it was appropriate to construe this jurisdictional statute as not applying to bar pre-induction protection of such rights. In Morgan's case, however, there is no such clash between § 10(b)(3) and a right conferred by Congress. 50 U.S.C. App. § 456(h)(2), upon which Morgan's claim for a deferment is based, specifies that the President is "authorized under such rules and regulations as he may prescribe" to provide for dependency deferments to persons in situations "which [render] their deferment advisable,"

---

3. Oestereich was concededly entitled to an exemption from military service under the terms of 50 U.S.C. App. § 456(g) of the Military Selective Service Act of 1967, which provided that ministers and students preparing for the ministry *"shall be exempt from training and service . . . under this title."* (Emphasis added.)

4. Breen was concededly entitled to a deferment under the terms of 50 U.S.C. App. § 456(h)(1) of the Military Selective Service Act of 1967, which provided that the "President *shall,* under such rules and regulations as he may prescribe, *provide for the deferment* from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university . . . and who request such deferment." (Emphasis added.)

5. 50 U.S.C. App. § 456(h)(2) provided, in relevant part, as follows:
"The President is also *authorized,* under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces (1) of any or all categories of persons in a status with respect to persons (other than wives alone, except in cases of extreme hardship) dependent upon them for support *which renders their deferment advisable. . . ."* (Emphasis added.)

language which contrasts markedly from that of the statutes involved in *Oestereich* and *Breen*. See notes 3 and 4, supra.[6]

Indeed, the result in the instant case follows *a fortiori* from the Court's decisions in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968), and *Fein*, in which the right of the registrants to conscientious objector deferments was involved. 50 U.S.C. App. § 456(j) by its terms confers a specific statutory right to an exemption from military service for a conscientious objector "whose claim is sustained by the local board." In both Clark v. Gabriel and *Fein* the Court noted that since the right to a statutory deferment was specifically conditioned on favorable action by the local board, there was not the reason to construe § 10(b)(3) to provide pre-induction judicial review in order to protect rights specifically protected by statute. In Morgan's case this reasoning would apply with even greater force to preclude judicial review, since there must intervene not only favorable action by the local board but also favor-

able action by the President in exercising his discretionary authority to provide for hardship and dependency deferments in "advisable" circumstances.

4. It is clear that in Morgan's case the local board, whatever the correctness of their determinations, "has used its discretion and judgment in determining facts and arriving at a classification for the registrant," in which case "§ 10(b)(3) does foreclose pre-induction judicial review." *Fein, supra* at 375, 92 S.Ct. at 1069. As the Court observed in contrasting Fein's claim from those involved in *Oestereich* and *Breen*, "[h]is administrative classification action was, in contrast, a product of the 'process' and the 'system of classification' . . . ." 405 U.S. at 376, 92 S.Ct. at 1070. As indicated above, Morgan essentially argues that the Selective Service System erred in not granting him the III–A deferment to which he was entitled. Since it is clear that the actions of the local board, whether correct or not, were "a product of the 'process' and the 'system of classification,'" it follows that § 10(b)(3) as construed in *Fein*

---

6. In the third count of his complaint, Morgan alleged that although he was originally ordered to report for induction in October 1969, on November 26, 1969, an Executive Order was issued providing that inductions subsequent to January 1, 1970, would be by random selection. Morgan alleged that he comes under the terms of such Executive Order, but that the defendants failed to accord him such random selection procedure, which failure was "arbitrary, contrary to law and has no basis in fact." Paragraph 26, complaint filed March 2, 1970.

We conclude that the federal courts are by virtue of the language of § 10(b)(3), without jurisdiction to consider such a claim at the pre-induction stage. This conclusion is based substantially on the fact that Morgan has been granted by Congress no statutory right to be processed in accordance with the random selection procedure announced by the President on November 26, 1969, in Proclamation 3945, 34 Fed.Reg. 19019, and the accompanying Executive Order 11497, 34 Fed.Reg. 19019 et seq. (Nov. 29, 1969). Section 5(a)(1) of the Military Selective Service Act of 1967, as amended, 50 U.

S.C. App. § 455(a)(1), pursuant to which the President acted, simply provides as follows:

"The selection of persons for training and service under section 4 shall be made in an impartial manner, under such rules and regulations as the President may prescribe. . . ."

Thus, since there is no statutory claim to the rights asserted by Morgan, § 10(b)(3) operates to bar this court's consideration of this claim at this pre-induction stage. See *Fein, supra*, 405 U.S. at 374–375, 92 S.Ct. 1062; Crowley v. Pierce, 461 F.2d 614, 617 (5th Cir. 1972) (concurring opinion of Brown, J.); McCarthy v. Director of Selective Service, 460 F.2d 1089 (7th Cir. 1972). But *cf.* Levine v. Selective Service Local Board No. 18, 458 F.2d 1281 (2d Cir. 1972), in which the Second Circuit, although "profess[ing] some difficulty interpreting the holding in *Fein* in light of the facts in Fein," id. 458 F.2d at 1286 n. 19, held that § 10(b)(3) did not bar a claim that Levine's liability to induction ended under the Selective Service regulations before his induction order was mailed.

renders these actions not subject to review in the federal courts at this pre-induction stage. As the Second Circuit observed in its consideration of a comparable claim:

"Levine also claims that, assuming the board refused to reopen his classification, its refusal to do so in the face of his presentation of a *prima facie* claim for an occupational deferment was blatantly lawless conduct subject to review even under current 10(b)(3) doctrine. This contention is without merit. Not only are Levine's factual assertions supporting his 'prima facie case' for his occupational deferment wholly conclusory, but also *his contention flies squarely in the face of Fein's admonition that 10(b)(3) forecloses review where a board uses its discretion and judgment in determining facts and in arriving at a classification for the registrant.*" (Emphasis added.) Levine v. Selective Service, 458 F.2d 1281, 1286 n. 19 (2nd Cir. 1972).

For the foregoing reasons, the order of the district court, dismissing the action for lack of jurisdiction, will be affirmed.

GIBBONS, Circuit Judge (dissenting).

I continue to adhere to the views which I expressed in my original dissent in this case. *See* 442 F.2d 1082, 1090 (3d Cir. 1971). As to the effect of the Supreme Court's decision in Fein v. Selective Service System, 405 U.S. 365, 92 S. Ct. 1062, 31 L.Ed.2d 298 (1972), I continue to adhere to the interpretation of that decision set forth in my dissent in Strople v. Local Board No. 60, 466 F.2d 601 (3d Cir. 1972). The *Fein* case simply did not deal with the problem of administrative due process considered by the Supreme Court in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), and by this court in Hunt v. Local Board No. 197, 438 F.2d 1128 (3d Cir. 1971) (per curiam). The majority opinion states:

"As indicated above, Morgan essentially argues that the Selective Service System erred in not granting him the III–A deferment to which he was entitled." (at 136)

This is a misstatement of the pleadings and a procrustean attempt to force Morgan's case into the mold of the *Fein* language. What Morgan actually complains of is that the local board, by the arbitrary device of casting an actual decision on this claim in the guise of a refusal to reopen, has deprived him of appeal rights available to registrants similarly situated. He alleges, in other words, that the local board has arrogated to itself both the original and appellate functions of the Selective Service administrative procedures, and that in doing so it has acted beyond its statutory jurisdiction. There is no question but that a local board has only the power "to hear and determine, subject to the right of appeal to the appeal boards herein authorized . . ." 50 U.S.C. App. § 460(b)(3) (1970). The majority opinion, in order to force the case into the mold of the *Fein* language, concludes that the local board did "hear and determine". But it equates that local board action with the full administrative procedures which were afforded to Dr. Fein, and it entirely ignores the fact that Morgan seeks, by mandamus, to be afforded the same appeal rights which Dr. Fein actually received. As Judge Hastie pointed out in his concurring opinion in Hunt v. Local Board No. 197, *supra*, at 1139, there is no conflict between § 10(b)(3) and 28 U.S.C. § 1361 (1970). Morgan seeks no more than an order compelling the Selective Service System to perform a mandatory duty. A mandamus directing that he be granted the right to an administrative appeal would not amount to pre-induction judicial review of his classification.

The majority opinion professes to find support for its interpretation of the *Fein* case in a quotation from a footnote in the decision of the Second Circuit in Levine v. Selective Service Local Board No. 18, 458 F.2d 1281 (2d Cir. 1972).

In the same footnote, however, the Second Circuit says:

> "While we profess some difficulty interpreting the holding in *Fein* in light of the facts in *Fein* (see id. 405 U.S. at 387, 92 S.Ct. 1062 (Marshall, J., dissenting)), because Levine's section 1631.7(d)(5) claim in no way involves board discretion with respect to a deferment or an exemption, we conclude that *Fein* does not bar pre-induction review of this claim." *Id.* at 1286 n. 19.

*Levine* is a mirror image of this case. It involves a claim that an induction order was issued at a time when the registrant's liability for induction as a member of the Extended Priority Selection Group had expired. *See* 32 C.F.R. § 1631.7(d)(5) (1971). Whether or not his liability for induction had expired depended on whether or not the order issued "as soon as practicable." The Government contended that the delay past April 1 in issuing the induction order was justified by the fact that Levine's time for appeal from an actual reopening had not yet expired. Levine contended that the board had in fact refused to reopen. The court said:

> "Thus whether the issuance of Levine's induction order was blatantly lawless turns on whether the order was issued 'as soon as practicable'. Whether the order was issued 'as soon as practicable' depends on whether Levine did have or did not have a right of appeal from the board's decision as made known to Levine by the March 1st Form 110 that it was continuing Levine in Class I–A. Whether Levine had a right of appeal from this decision in turn depends on whether the board decided not to reopen (no right of appeal) or to reopen and not to reclassify (right of appeal).
>
> The difficulty in resolving this last inquiry comes from the fact that a board can reopen a registrant's classification and then place him right back into the same classification. With one relevant exception, such a 'reclassification' has all of the appearances and consequences of a refusal to reopen in the first place. The exception is of course that a registrant whose classification has been reopened has the right to a personal appearance and/or appeal. A registrant whose classification has not been reopened has no such rights.
>
> Both parties rely on circumstantial evidence to prove what in fact the board decided. Levine argues that the December 1970 letters show that the board refused to reopen his classification and that the February 23rd hearing was clearly a courtesy hearing from which he could not have had a right of appeal. The government responds by pointing to the March 1st Form 110, which by the relevant regulations is required to be issued upon a reopening and on its face informs the registrant of his rights to a personal appearance and/or an appeal." 458 F.2d at 1284–1285 (footnotes omitted).

The court remanded Levine's case for a hearing. It construed the *Fein* case as applicable only to those cases in which the registrant seeks review of board action involving discretion and judgment in determining facts and in arriving at a classification. It is clear that a local board has no discretion to deny appeal rights to a registrant who has presented a prima facie claim for reclassification. Mulloy v. United States, *supra.* The denial which Melchar claims is the same kind as that of which Levine complained. Levine claimed that his local board made an arbitrary determination that it had actually reopened his classification, when it had not, in order to extend his period of liability for induction. Morgan claims that his local board has made an arbitrary determination that it had not actually reopened his classification, when it had, in order to deprive him of appeal rights. If *Fein* is inapplicable to Levine's case it is equally inapplicable to Morgan's case.

In this court the issue is now foreclosed by Strople v. Local Board No. 60, *supra.* But this circuit's interpretation

of the *Fein* case is in conflict with that of the Second Circuit. Since I believe that *Strople* was wrongly decided, and that in this case the majority has misconstrued the mandate of the Supreme Court on remand, I dissent in the hope that a higher authority will redirect us in the right path.