John Randall ACKER et al., Plaintiffs-Appellees,

v.

Curtis W. TARR, Director of Selective Service of the United States, et al., Defendants-Appellants.

No. 72–1369.

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1973.

Decided Sept. 17, 1973.

Harlington Wood, Jr., Asst. Atty. Gen., William D. Appler, Atty., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for defendants-appellants.

Geoffrey G. Gilbert, Joseph Beeler, Chicago, Ill., for plaintiffs-appellees.

Before SWYGERT, Chief Judge, and MURRAH * and BARNES *, Circuit Judges.

BARNES, Senior Circuit Judge.

The Government appeals from the grant of injunctive relief to a Selective Service registrant prior to induction. Plaintiff-Appellee, John Randall Acker, was classified II–S by Local Board No. 121 while he was attending Parsons College. Upon his graduation in August 1969, he enrolled in a tool and die apprenticeship training program operated by Kenlee Form Rite Corporation (herein Kenlee), a small tool and die shop owned by registrant's father. Kenlee was registered with the United States Department of Labor, Bureau of Apprenticeship; and its five year Apprenticeship Program had a Certificate of Registration for the trade classification in which Acker was enrolled. The Illinois State Director of Selective Service issued a Certificate of Acceptance for deferment purposes. Apprentice Deferment Request, SSS Form 171, was executed by the President of Kenlee on behalf of Acker in Mid-January, 1970. If accepted, Acker would have been placed in Class II–A, apprenticeship deferment.

On January 29, 1970, Local Board 121 re-opened Acker's classification and placed him in Class I–A. An appropriate appeal was taken and the State Appeal Board for the Northern District of Illinois unanimously affirmed the classi-

fication on January 13, 1971. On January 25, 1971, Acker was ordered to report for induction on February 10, 1971. His complaint was filed on February 4, 1971, and a temporary restraining order was issued preventing his induction. A permanent injunction was entered on February 4, 1972.

His complaint sought an injunction against his induction, an order of mandamus requiring Local Board 121 to place him in Class II–A, and a declaratory judgment that Operations Bulletin 338 was unauthorized by the Military Selective Service Act of 1967. Jurisdiction was predicated on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), and 28 U.S.C. §§ 2201–2202 (declaratory judgments). Our jurisdiction rests in 28 U.S.C. § 1291.

Acker's claim to a Class II–A deferment is based on § 6(h)(2) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(h)(2), which authorizes the President to prescribe rules and regulations for occupational and apprenticeship deferments. The apprenticeship deferment is implemented by 32 C. F.R. § 1622(b) (1970). It provides in part:

"In Class II–A shall be placed any registrant satisfactorily . . . engaged in an approved apprentice training program, such deferment to continue until such registrant fails to pursue satisfactorily such full-time course of instruction or training, or until the expiration of the period of time normally required to complete such course of full-time instruction or training."

Operations Bulletin No. 338 was issued by the Director of the Selective Service to clarify "Executive Order 11527 to phase out occupational and paternity deferments and to provide for non-degree student deferments . . ." It stated that a Class II–A deferment

---

* Honorable Alfred P. Murrah, Senior Circuit Judge for the Tenth Circuit, and Stanley N. Barnes, Senior Judge for the Ninth Circuit, each sitting by designation.

would not be issued to a registrant whose II–S classification terminated upon "graduation, age, or unsatisfactory performance." Discretion was left in the Local Board, however, to permit the II–A classification on top of the II–S classification in certain circumstances. *Since Acker had received a II–S deferment for four years and had successfully completed his college program, the Local Board refused to grant him the additional deferment,* impliedly concluding that he was either unsatisfactorily performing full time work, or, that the period of time normally required to complete such full time instruction had expired. The Government argues that § 10 (b)(3) of the Act, 50 U.S.C. App. § 460 (b)(3), precludes judicial review. That section provides in relevant part:

> "The decisions of such local board shall be final, except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe . . . No judicial review shall be made of the classification or processing of any registrant . by local boards, appeal boards, or the President, except as a defense to a criminal prosecution . . . after the registrant has responded either affirmatively or negatively to an order to report for induction . . . : *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

Based on Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Clark v. Gabriel, 393 U.S. 256, 89 S.Ct 424, 21 L.Ed.2d 418 (1968), and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), the district court held that § 10(b)(3) did not constitute a bar to judicial review. It determined that II–A classifications are non-discretionary, and ordered Local Board 121 to place Acker in Class II–A. We hold that § 10(b)(3)

bars judicial review of Acker's I–A classification, and therefore reverse.

In *Oestereich, supra,* the Supreme Court held that § 10(b)(3) did not bar judicial review where a registrant was undeniably entitled to an exemption. This rule was extended to include registrants who had a statutory right to a deferment, *Breen, supra.* Mr. Justice Blackmun summarized and clarified the rule in Fein v. Selective Service System, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972). Speaking for a majority of the court, he stated at 374 to 375, 92 S.Ct. at 1069 to 1070:

"Thus *Oestereich, Gabriel, Breen,* and *Boyd* [Boyd v. Clark, 287 F.Supp. 561 (SDNY 1968)] together establish the principles (a) that § 10(b)(3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferments, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that § 10 (b)(3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classification for the registrant. In the latter case the registrant's judicial review is confined—and constitutionally so —to the situations where he asserts his defense in a criminal prosecution or where, after induction, he seeks a writ of habeas corpus. By these cases the Court accommodated constitutional commands with the several provisions of the Military Selective Service Act and the expressed congressional intent to prevent litigious interruption of the Selective Service process."

In effect, the district court concluded that Acker's case fell within the first category of cases. In doing so, it incongruously avoided a decision on the validity of Operations Bulletin 338. With that authority left intact, Acker's right to a II–A deferment is anything

but certain. And, as has been said, in discretionary matters the Boards have the right to make mistakes. Acker's case falls within Justice Blackmun's second category of cases (discretionary acts) and § 10('b)(3) operates to bar judicial review. Thus, reversal is required.

The district court did comment, in dicta, on the type of discretion which Operations Bulletin 338 places in the local board. It stated that it did not believe that there was support for such discretion in this Circuit. The decision in McCarthy v. Director of Selective Service System, 460 F.2d 1089 (7th Cir. 1972), however indicates that there is support, relying as it does on Gregory v. Tarr, 436 F.2d 513 (6 Cir. 1971), as well as *Fein, supra* (405 U.S. at 375, 92 S.Ct. at 1069) and stating:

> "Section 10(b)(3) is (now) understood to mean what it says except in such highly unusual and strictly limited circumstances as were present in *Oestereich* and *Breen*." Cummings, J., in *McCarthy, supra,* 460 F.2d p. 1092.

*See also*: Schrader v. Selective Service System Local Board No. 76 of Wisconsin, 470 F.2d 73, 76, et seq. (7th Cir. 1972), cert. denied, 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972), and cases cited in Barker v. Tarr (No. 71–1659, decided August 8, 1972) (7th Cir.).

We realize that all circuits have not agreed with our interpretation, but in view of the language in *Fein, supra,* and the cases cited in Barker v. Tarr, *supra,* from Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970) to the present, we are satisfied with our previous holdings.

For these reasons, the decision of the district court granting an injunction is vacated, and the matter remanded with instructions to dismiss the complaint. The appellee upon induction, will have other remedies available.

SWYGERT, Chief Judge (dissenting).

There is a single question to be decided by this court: whether Operations Bulletin 338 is authority for Local Board 121 to have denied Acker the mandatory classification of II–A as an apprentice in a properly qualified apprentice program. If Operations Bulletin 338 validly restricts the deferment, then section 10(b)(3), 50 U.S.C. App. § 460(b)(3), bars preinduction judicial review of the denial of the II–A classification. If the Bulletin impermissibly restricts the granting of the deferment, then preinduction judicial review is proper since, according to the stipulated facts, Acker was legally qualified for the deferment.

The majority avoids this issue and holds that since the district court did not specifically hold that Operations Bulletin 338 was invalid, the deferment was discretional and therefore the court had no jurisdiction to make a preinduction review of the denial of the deferment.[1]

The President, under authority of 50 U.S.C. § 456(h)(2), promulgated 32 C.F.R. § 1622.22(b) (1970) which provides in pertinent part: "In Class II–A *shall* be placed any registrant satisfactorily . . . engaged in an approved apprentice training program. . . ." (emphasis added.) Acker was engaged in such a program and the language of the regulation mandates that he be given the deferment. Operations Bulletin 338 which was issued by the Director of the Selective Service System attempts to restrict the regulation by applying the "anti-pyramiding" restrictions of 50 U.S.C. App. § 456(h)(1) to 50 U.S.C. App. § 456(h)(2) and 32 C.F.R. § 1622.-22(b) (1970). If the President wanted to limit apprenticeship deferments to those who had not had a II–S student deferment or to those who did not graduate from college, he could have so provided in the regulation. The authoriz-

---

1. The majority fails to explain why they hold that the complaint must be dismissed by the district court since the complaint alleges the invalidity of the Bulletin and the district court did not rule on this issue. If plaintiff is not to receive a ruling on the validity of the Bul-

letin in this court, the least that is required is that he be allowed a ruling in the district court. For if plaintiff is correct, and I believe that he is, the deferment is mandatory and not discretionary, and the district court therefore had jurisdiction.

ing statute does not allow the Director of the Selective Service System to issue such regulations, only the President. The Director's attempt to do so indirectly through Operations Bulletin 338 is accordingly invalid.

Since Acker was entitled to a II–A classification and was denied that classification by "administrative action, based on reasons unrelated to the merits of the claim . . . to the deferment," [2] section 10(b)(3) does not foreclose preinduction judicial review.[3]

McCarthy v. Director of Selective Service System, 460 F.2d 1089 (7th Cir. 1972), cited by the majority does not support the majority's holding since McCarthy unlike Acker had a questionable claim to a II–A deferment for he was only a part time teacher whereas Acker had met all the requirements of being in a qualified apprentice program. We said in *dicta* that the local board's reliance on Local Board Memorandum No. 96 [4] was "not tantamount to the clearly unauthorized actions of the local boards in *Oestereich* and *Breen,* which relied on extraneous factors not in any way germane to respective statutory qualifications for exemption or deferment." 460 F.2d at 1092.

The anti-pyramiding purpose of Operations Bulletin 338 was extraneous to the issue of whether Acker's employment in the apprentice program was "found to be necessary to the maintenance of the national health, safety, or interest." [5] Local Board Memorandum No. 96 was, however, germane to the question of whether McCarthy's employment as a teacher was necessary to the maintenance of the national health, safety, or interest. In this case, the local board

had a duty to classify Acker as II–A since he met all of the regulatory criteria.

For the reasons stated above, I respectfully dissent.

---

2. Fein v. Selective Service System, 405 U.S. 365, 374, 375, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972).

3. Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), allowed preinduction judicial review where the registrant was entitled to an exemption. Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), allowed such review where the registrant had

a statutory right to a deferment. The fact that Acker's right to the deferment is provided by regulation pursuant to statute does not differentiate his case from the others.

4. "A full-time graduate student shall not be considered for occupational deferment because he is engaged in teaching part time." 460 F. 2d at 1091.

