Edward R. ZEILSTRA, Plaintiff-Appellee,

v.

Curtis W. TARR, National Director of Selective Service, et al., Defendants-Appellants.

No. 72–1131.

United States Court of Appeals, Sixth Circuit.

Aug. 24, 1972.

Robert E. Kopp, Civil Div., Dept. of Justice, Washington, D. C., Morton Hollander, L. Patrick Gray, III, Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., on brief; John Milanowski, U. S. Atty., Grand Rapids, Mich., Frank S. Spies, Asst. U. S. Atty., on brief, for defendants-appellants.

Charles Donahue, Jr., Ann Arbor, Mich., Kenneth T. Hayes, Hayes & Davis, Grand Rapids, Mich., on brief, for plaintiff-appellee.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

WEICK, Circuit Judge.

Appellee Zeilstra contended in the District Court that he was a member of the class in the class action brought by Stephen L. Gregory and others in the United States District Court for the Eastern District of Michigan, against the National Director of Selective Service, and others, for a mandatory injunction to compel their reclassification and the reclassification of members of their class throughout the nation, into III-A (fatherhood deferment), and to enjoin their induction into the armed forces.

In *Gregory* the named plaintiffs had been granted II-S (student) deferments under the Military Selective Service Act

of 1967[1] while attending graduate schools. It was their claim that they were entitled as a matter of right to a III-A fatherhood classification notwithstanding the prohibition in 32 C.F.R. § 1622.30(a), which denied fatherhood deferments to persons who had been "classified II-S under the 1967 Act." They claimed the regulation was invalid if not given the interpretation which they placed upon it.

The District Court in *Gregory* sustained the plaintiffs and issued a very broad mandatory order requiring the National Director of Selective Service and the other defendants to classify the plaintiffs and the members of their class throughout the nation in III-A, and enjoining their induction in the armed forces. Gregory v. Hershey, 311 F. Supp. 1 (Mich.1969).

However, no notice was given of the pendency and prayer of the *Gregory* class action, to any of the members of the class, as the District Court found it impractical to do so.

Zeilstra's action was pending in the United States District Court for the Western District during the pendency of *Gregory* in the Eastern District of Michigan. Zeilstra in his action sought to enjoin the Selective Service System from inducting him into the armed forces, urging the same contentions as those in *Gregory*, namely, that he was entitled as a matter of right to a fatherhood classification III-A, even though he had been deferred under a II-S student classification while attending graduate school. The District Court deferred action in Zeilstra's case to await the outcome of *Gregory*.

In *Gregory* the District Court denied a stay pending appeal. The Selective Service System appealed to this Court and filed a motion for an expedited appeal, which motion was granted. Pending appeal to this Court the Selective Service System made no attempt to induct any of the plaintiffs, including Zeilstra. Likewise, no attempt was made by the plaintiffs in *Gregory* to enforce the order of the District Court pending the appeal.

Upon consideration of *Gregory* we reversed the judgment of the District Court and held that the District Court was without jurisdiction to entertain said action because of the provisions of Section 10(b)(3) of the Military Service Acts of 1967 and 1971, 50 U.S.C.App. § 460(b)(3). Gregory v. Tarr, *sub nom.*, 436 F.2d 513 (6th Cir. 1971), cert. denied, 403 U.S. 922, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971). Schrader v. Selective Service System, 470 F.2d 73 (7th Cir., decided July 28, 1972).

It was also our view that fatherhood deferments, III-A, are discretionary with the Local Boards, rather than mandatory, and that the regulation prohibiting III-A classification to registrants who had received student II-S deferments, was valid. *Cf.* Fein v. Selective Service System, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972).

Following our decision in *Gregory*, Zeilstra amended his complaint in the District Court and alleged therein that the Selective Service System disobeyed the order of the District Court in *Gregory* by not reclassifying the plaintiffs in that case and all the members of their class throughout the nation, from classification I-A into III-A, fatherhood deferment. Zeilstra further contended that the action of the Selective Service System in failing and refusing to reclassify the members of said class into III-A was lawless, and that the Court should treat the case as if the Selective Service System had obeyed the order of the Court and reclassified all of the members of the class into III-A. The District Court agreed and entered an injunction against the Selective Service officials restraining Zeilstra's induction. We reverse.

█ As we see it, the District Court was bound by our decision in *Gregory*, but simply did not follow it. Like the District Court in *Gregory*, the District

---

1. 50 U.S.C.App. § 451 et seq. (1964 ed., Supp. 5).

Court in the present case was without jurisdiction to entertain the pre-induction injunction action against the Selective Service System, 50 U.S.C.App. § 460(b)(3).

■ The District Court in the present case treated the mandatory order in *Gregory* as a valid order. It erred in doing so. It was not a valid order because the Court was without jurisdiction to enter it, and the order was a nullity. In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402 (1888); 46 Am. Jur.2d 347.

■ The Selective Service System had the right to question the validity of the order, which it did in appealing therefrom to this Court, and we set the order aside; it had no validity initially and certainly not after we had reversed and set it aside.

The Fifth Circuit followed *Gregory* in Pasquier v. Tarr, 444 F.2d 116 (5th Cir. 1971), stating:

"One of appellant's principal claims on this appeal asserted that he was entitled to the *res judicata* effects of a judgment in the earlier class action of Gregory v. Hershey, E.D.Mich., 1969, 311 F.Supp. 1. There the District Court found invalid the withholding of the fatherhood deferment to those registrants, otherwise qualified, whose induction had previously been deferred for graduate—as opposed to undergraduate—study. However, that judgment collapsed, both for the parties and the members of the class, following its reversal by the United States Court of Appeals for the Sixth Circuit in Gregory v. Tarr, 6 Cir., 1971, 436 F.2d 513.

"We follow *Gregory* and hold that preinduction relief was properly denied." (444 F.2d at 117).

Both *Gregory* and *Pasquier* were followed by the Fourth Circuit in Sandler v. Tarr, 463 F.2d 1096 (4th Cir., decided May 25, 1972).

In *Gregory* we indicated doubt about the validity of the alleged class action because no notice to the members of the class had ever been given, *id.*, fn. 2.

In Eisen v. Carlisle and Jacquelin, 391 F.2d 555 (2d Cir. 1968), it was held that notice is required as a matter of due process in all representative actions.

■ We hold that *Gregory* was not a valid class action since no notice was ever given to the members of the class. Schrader v. Selective Service System, 470 F.2d 73 (7th Cir., decided July 28, 1972).

The judgment of the District Court is reversed and the cause is remanded to that Court with instructions to dismiss the complaint.

Judge EDWARDS concurred in the result.