William A. WATSON, Plaintiff-Appellee,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellant.

No. 76–2589.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1977.

Decided Sept. 14, 1977.

Eldon L. Webb, U.S. Atty., Lexington, Ky., Leonard Schaitman, Michael Kimmel, Dept. of Justice, Washington, D.C., for defendant-appellant.

William A. Watson, Watson & Watson, Middlesboro, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and ZIRPOLI,* Senior District Judge.

ZIRPOLI, District Judge.

Plaintiff-appellee, an attorney, attacks the validity of a regulation promulgated by the Secretary of Health, Education and Welfare, controlling attorney's fees in black lung cases. We affirm in part and reverse in part.

When originally enacted, Subchapter IV of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. sections 901–36 [here-inafter "Act"], contained no provision authorizing the Secretary to regulate attorney's fees. The 1972 amendments to Subchapter IV of the Act, reflected at 30 U.S.C. sections 901–41, incorporated into the Act section 206 of the Social Security Act, 42 U.S.C. section 406, thereby authorizing the Secretary to limit attorney's fees in black lung cases.[1] The 1972 amendments to the Act were generally made retroactive to December 30, 1969, the original effective date of the Act, and the Secretary was required to review all previously disallowed claims and all pending claims in light of the 1972 amendments. The amendments provided no specific effective date with regard to the attorney's fee provision, however. On August 31, 1972, the Secretary adopted regulations limiting attorney's fees. Among the regulations adopted was 20 C.F.R. section 410.678a:

§ 410.678a Effective date.

The provisions of §§ 410.686a, 410.686b, 410.686c, 410.686d, and 410.686e, shall be effective upon publication in the Federal Register (8–31–72), with respect to all claims processed thereafter, and shall apply to all legal services rendered in connection with those claims for which a fee has not been fully paid before this effective date, notwithstanding the fact that fee contracts for such services may have been entered into, or services rendered, before this effective date.

[37 F.R. 17709, Aug. 30, 1972]

In the district court, appellee contended that the regulation is not authorized by statute and that it is an unconstitutional delegation of legislative power to an administrative agency. He filed the suit as a class action. On April 9, 1974, after a hearing regarding the propriety of a preliminary injunction, the district court held (in a memorandum opinion, order and declaratory judgment) that the Secretary has au-

---

* Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Section 1(c)(5)(A) of the Black Lung Benefit Act, 86 Stat. 150, 152, amended section 413(b) of the 1969 Act, 30 U.S.C. section 923(b) (1972 Supp.), so as to apply several provisions of the Social Security Act, including section 206 thereof, 42 U.S.C. section 406.

thority to promulgate the regulations, that the regulations are reasonable and that the regulations are not an unconstitutional delegation of legislative power. The district court also held, however, that the above-quoted effective date rule is invalid as to claims administratively filed prior to August 31, 1972. Thereafter, on August 23, 1976, the district court determined that the suit should be designated a class action.

Appellant challenges both the determination on the merits and the determination, after judgment, that the case should be designated a class action.

Appellant contends that the language of the attorney's fee provision of section 206(a) of the Social Security Act, as incorporated into the Federal Coal Mine Health and Safety Act of 1969, as amended, demonstrates that the section applies to all pending cases thereafter determined by the Secretary, and that the making of a favorable determination on the merits of the claim is the operative fact to which the authority is keyed. In addition, by means of a supplemental "statement of position," filed with this court at oral argument, appellant explains that the attorney's fee regulations do not apply to any claim finally determined on the merits prior to August 31, 1972 (the effective date of the regulations), but that they do apply to any claim finally determined on the merits after August 31, 1972, with the exception of those few cases in which the contracted fee was fully paid prior to August 31, 1972.

██ Retroactive application of statutes is unfavored unless Congress has clearly and unambiguously indicated an intent for such application. *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). Neither section 206(a) of the Social Security Act nor the language of the Federal Coal Mine Health and Safety Act of 1969, as amended, contains a clear and unambiguous indication that the attorney's fee provision was to be made retroactive. Therefore, to the extent that the regulations at issue would have a retroactive effect, they would constitute an abuse of administrative power. We recognize, however, that an appellate court must defer to an administrative agency's interpretation of its own regulations. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616, *reh. denied*, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965). The question, therefore, is the effect of the district court's order and declaratory judgment in light of the Secretary's interpretation of 20 C.F.R. section 410.687a.

The district court's order and declaratory judgment, which found the effective-date regulation invalid as applied to *all* claims administratively filed prior to August 31, 1972, encompass at least four general situations: (1) where the claim filed was fully determined by the Secretary prior to August 31, 1972; (2) where the claim filed was not fully determined by the Secretary prior to August 31, 1972, but the fee had been fully paid by the claimant prior to August 31, 1972; (3) where, prior to August 31, 1972, the claim had been administratively filed only, no determination by the Secretary had been made, but a fee contract had been entered into between claimant and his attorney; and (4) where, prior to August 31, 1972, the claim had been administratively filed only, no determination by the Secretary had been made, and no fee contract had been entered into between the claimant and his attorney.

██ We feel that the district court's order and declaratory judgment must be modified in light of the Secretary's interpretation of 20 C.F.R. section 410.687a (which, we note, was not before the district court at the time it made its ruling). The Secretary's *present* interpretation of the effective-date regulation does not create the disfavored retroactive effect that the district court implicitly found would result were the regulation applied in situations (1), (2) and (4), *supra*. Hence, the scope of the relief fashioned by the district court was too broad. The Secretary's interpretation does not cure the disfavored retroactive effect that the district court implicitly found would result were the regulation applied in situation (3), however. Therefore, we reverse the district court insofar as its

broadly worded order and declaratory judgment infer that the Secretary is applying, or intends to apply, 20 C.F.R. section 410.-687a to situations (1), (2) and (4), *supra*; we affirm the district court insofar as its order and declaratory judgment would bar application of 20 C.F.R. section 410.687a to situation (3), *supra*. In addition, we do not disturb the district court's finding that, at least in some instances, the Secretary took favorable determinations under advisement on his motion and then held the claims in abeyance until after enactment of the then-anticipated amendments and regulations, apparently for the sole purpose of bringing attorney's fees within the purview of the regulations. The Secretary should be barred from applying his fee-regulating authority to claims delayed in the manner found by the district court. The district court is directed to modify its order and declaratory judgment in accordance with the above observations.

The district court's order determining the propriety of a class action was entered August 24, 1976, over two years after judgment was entered declaring invalid the provisions of 20 C.F.R. section 410.687a, insofar as those provisions purport to regulate attorney's fees in administrative proceedings for claims under 30 U.S.C. sections 901–41, filed prior to August 31, 1972. We reverse the order determining a class. Although *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), teaches that an action brought on behalf of a class must be treated as a representative suit from the time it is filed until the time that the court determines whether it may be maintained as a class action, the rationale behind the 1966 amendments to Rule 23 of the Federal Rules of Civil Procedure, the elimination of "spurious" class actions through "one-way" intervention, must be given heavier weight in situations in which the class has been certified long after a favorable determination on the merits has been made. In addition, we note (though we do not regard it as necessarily controlling in the instant case) that this circuit has adopted the holding of the Second Circuit, that notice is required

as a matter of due process in all representative actions. *Zeilstra v. Tarr*, 466 F.2d 111, 113 (6th Cir. 1972).

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.